## NORFOLK COUNTY.

MARCUS B. MACCARTY *vs.* INHABITANTS OF BROOKLINE.

A stone that has lain in a highway for twenty-four hours may be a defect under Gen. Sts c. 44, § 22, making towns liable for defects existing for that length of time, although its position has been changed in the mean time by human agency, provided it has not ceased by the change to be the same defect; and the court cannot say, as matter of law, that it is not the same defect unless it has remained the whole time across the rut where it caused the injury.

TORT to recover for damages sustained by the plaintiff, by reason of a defect in Newton Street.

At the trial in the Superior Court, before *Allen,* J., it appeared that the plaintiff while travelling in the evening in Newton Street was thrown from his wagon and greatly injured by the wheel striking a large stone in a wheel-rut in the highway. The evidence in relation to the position of this stone, which was set forth at length in the bill of exceptions, tended to show that it had slid into the road from a steep bank, and that its position in the road had been changed after it fell.

The defendants requested the judge to instruct the jury as follows : " If the stone, which it is claimed constituted the defect in this case, was of such size and shape that it could not be mate‧ rially changed in position by any of the ordinary incidents of

travel on the way, but was moved across the wheel-rut by some voluntary human agency, the defendant is not liable, unless the stone had remained across the wheel-rut for twenty-four hours, although it had, for some days before it was moved, remained within the limits of the travelled part of the way, but so far from the ordinary ruts of travel as not to be an obstruction to a carriage passing in such ruts; there being no evidence in this case of any actual knowledge of the defect on the part of the defendant."

This instruction the judge declined to give, but instructed the jury as follows : " The plaintiff must prove that there was a defect in the highway, which occasioned damage to him, and that he was in the use of due care. Under the circumstances of this case, as there is no evidence of notice to the town, (it is not claimed that there is evidence of notice to the town of the existence of the defect,) the plaintiff must prove that the defect had existed for twenty-four hours, and that that defect occasioned damage to him, and as an element of that, that he was himself in the use of due care. The defect which is alleged, and which the evidence tends to show, was a large stone upon the surface of the highway that was in such a position as to make it unsafe for travel. It is for you to say whether that was a defect, and also, whether the defect had existed for twenty-four hours. The same defect must have existed for twenty-four hours. If you find that the stone was within the travelled part of the highway, and had been there within the travelled part of the highway for twenty-four hours, constituting a defect, that will be sufficient evidence of a continuous defect for twenty-four hours, although you may also find that the stone had been somewhat moved during that time, if it had not been so moved as to cease to be a defect ; if its position had not been materially changed. And this is so, even though you should be of opinion that the position of the stone had been changed by voluntary human agency. Now, applying that rule to the evidence before you, it is for you to say whether there was a defect there which had existed continuously for twenty-four hours."

The jury returned a verdict for the plaintiff for $5641.80, and the defendants alleged exceptions.

*W. Colburn & G. F. Homer*, for the defendants.

*R. M. Morse, Jr.*, for the plaintiff.

COLT, J.   The defect complained of was caused by a large stone suffered to remain upon the surface of the travelled part of the highway, against which the plaintiff's wagon struck.   There was no attempt to charge the defendants on the ground that there was reasonable notice of its existence, but the plaintiff relied on the fact that the same obstruction had been there for twenty-four hours.

There was evidence tending to show that the stone had been changed in position within that time, and by reason of its size, that it must have been moved by human agency, and the exceptions taken at the trial have reference to the question whether such an obstruction can be considered a continuous defect, if its position in the highway is changed.

The jury must have found, under the instructions given, that it was a defect within the travelled part of the highway, and had existed as such for twenty-four hours before the accident. That if during that time it had been moved by the agency of some other person, yet its position had not been so materially changed as that it ceased to be the same defect.   These propositions were enough to support the plaintiff's case, and the findings were warranted by the evidence reported.

The defendants asked the court to rule, that the town would not be liable "unless the stone had remained across the wheel-rut for twenty-four hours, although it had, for some days before it was moved, remained within the limits of the travelled part of the way, but so far from the ordinary ruts of travel as not to be an obstruction to a carriage passing in such ruts."   The instruction requested, so far as it differs from those given, is objectionable.   It could not be properly ruled, as a matter of law, that a stone in the position described would not be the same defect unless it had remained during the whole time across a particular wheel-rut, or in the way of the ordinary ruts of travel. Nor could it be stated how much change within the limits in

question, or how much increased exposure by it, would take away its original character as a defect for the continuance of which towns are liable. It was properly left to the jury under proper instructions. *Exceptions overruled.*