## WILLIAM J. HAYES vs. INHABITANTS OF HYDE PARK.

Norfolk.    March 18, 1891. — May 18, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Highway Defect — Concurring Cause — Due Care*
*— Statutory Notice.*

A town may be liable for a defect in a highway, although the innocent act of a third person is a concurring cause of the damage complained of.

In an action against a town for personal injuries, it appeared that a telephone wire sloped down from a house to which it was fastened, and rested upon the surface of a highway; that the only support for the wire between the house and a distant point across the highway had been a bracket on a pole in the road; that the bracket had been gone for about a week before the accident, and the night before it occurred the wire was down within a foot of the ground; that the wire caught in the wheels of a wagon approaching that of the plaintiff, and he saw it fifty feet away, and called to the driver, who paid no attention to him; and that he was unable to turn out or to change his seat, and was hurt in bending back in his seat to avoid the wire as it reached him. *Held*, that there was evidence that the injury was caused by a defect in the highway, and that the plaintiff was in the exercise of due care.

The plaintiff's testimony was that the accident happened on February 7, and the requisite notice given by him to the town gave the same date. The town clerk testified, solely from inspection of a memorandum on the notice, that it was received on February 6, and the then counsel for the town testified that he had heard of the accident through the notice during the last month of his official year, which ended on March 4 following. *Held*, that there was evidence that the notice was given within thirty days of the accident.

HOLMES, J.    This is an action to recover damages for personal injuries alleged to have been caused by a defect in the highway.    The alleged defect was a telephone wire which sloped down from a house to which it was fastened, and lay across the highway.    Whether the wire was broken before the time of the accident, or whether it still was attached on the other side of the way to another house five or six hundred feet away from the one first mentioned, is not very clear, and is not material.    The only support which there had been between these two points was a bracket on a pole (in the road, as we understand), and this had been gone for about a week.    There was evidence that the wire was down within a foot of the ground the night before the accident.    The wire was caught in the wheels of a wagon which

was coming toward the plaintiff, who was driving, and he was hurt in bending back in his seat in order to get under the wire as it reached him. He saw the wire approaching when it was fifty feet ahead, and called to the other driver, but he paid no attention, and might have been found not to have heard the plaintiff. In view of the possible expectation of the plaintiff that the other driver would stop, and his testimony as to the shortness of the time, the speed, his inability to turn out or to change his seat, etc., we cannot say that the jury would not have been warranted in finding that he used due care.

It is argued that the wire was not a defect. But it was fixed at one end, at least, and the jury might have found that it came down to the road in such a way as permanently to obstruct travel, so that it resembled " a barrier fixed or stretched across the way," which was admitted to be a defect, rather than the rope of a derrick being moved by third persons, for which a city was held not to be liable in *Barber* v. *Roxbury*, 11 Allen, 318, 320. *French* v. *Brunswick*, 21 Maine, 29. The jury might have inferred, from the length of time that the wire had been down, that the town had or ought to have had notice of the defect.

The main argument for the defendant is, that, whether the wire was a defect or not, it was not the sole cause of the injury, but that the conduct of the driver of the other wagon concurred in bringing about the plaintiff's hurt. If, in the opinion of the jury, the other driver was negligent as towards the plaintiff, and thus had a hand in causing the injury, no doubt the plaintiff cannot recover. *Kidder* v. *Dunstable*, 7 Gray, 104. *Pratt* v. *Weymouth*, 147 Mass. 245, 252. But the jury might have found that the other driver was not negligent, and, indeed, that until it was too late he was wholly unaware of his entanglement, or that there was a wire in the road at all. If so, his co-operation stood on no different footing from the force of gravitation. A town is not exonerated because other causes co-operate with the defect; if it were, it never would be liable. Human causes stand no differently from any others merely as such. The limit of the statutory liability of towns is only the strictest form of the limit of the liability of wrongdoers. To an extent not yet perhaps exactly determined, wrongdoers are presumed not to contemplate wrongdoing by others unless they are shown in

fact and actually to have contemplated it. Therefore, generally, they are not liable if another wrongdoer intervenes between their act and the result. *Tasker* v. *Stanley*, *ante*, 148. But the mere fact that another human being intervenes is not enough. *Elmer* v. *Fessenden*, 151 Mass. 359, 362, 363. *Carney* v. *Shanly*, 107 Mass. 568, 581. *Carter* v. *Towne*, 98 Mass. 567. *McDonald* v. *Snelling*, 14 Allen, 290, 296. His intervention is important not *qua* cause, but *qua* wrongdoer. In the case of towns sued for a defect in the highway, the wrongful act of the third person need not intervene subsequently, — it is enough that it co-operates with the defect at the moment, — but the principle is the same. It is because the act is wrongful, including under this head negligence, not because it is a concurring cause, that the defendant escapes. If the act which concurs with the defect in producing the result complained of is innocent, and is of a kind which the defendant is bound to expect and to provide for, — such, for instance, as another man's driving upon the road, — the jury may find against the town as well as when a particular state of the weather is a concurrent cause. *Flagg* v. *Hudson*, 142 Mass. 280. It can make no difference whether the defect brings the plaintiff into contact with the innocent vehicle, as in *Flagg* v. *Hudson*, or the innocent vehicle brings the plaintiff into contact with the defect, as the jury might find to have been the fact here. The act of the third party is equally necessary to the result, and is equally innocent in the two cases. We will add, that there is no question before us of remoteness in the sense discussed in *Marble* v. *Worcester*, 4 Gray, 395, and *McDonald* v. *Snelling*, 14 Allen, 290, 292.

The other objection urged to the plaintiff's right to go to the jury was that it did not appear that notice was given to the town, as required by statute, within thirty days of the accident. Pub. Sts. c. 52, § 19. St. 1882, c. 36. St. 1888, c. 114. By the plaintiff's testimony the accident happened on February 7, 1889. The notice gave the same date. The town clerk produced the notice, and testified, solely, as he said, from inspection of a memorandum upon it, that it was received on February 6, 1889. Another witness, the former counsel for the town, testified that he heard of the accident through the notice during the last month of his official year, which year ended on March 4, 1889.

If the jury believed that the accident happened on the 7th, they necessarily would have found that the indorsement of the 6th as the day when the notice was received was a mistake, but that the notice was received before March 4.

We are of opinion that the learned judge erred in directing a verdict for the defendant.          *Exceptions sustained.*

*E. Greenhood,* for the plaintiff.

*J. E. Cotter,* ( *C. F. Jenney* with him,) for the defendant.