MARION K. TISDALE vs. INHABITANTS OF BRIDGEWATER.

ALICE L. TISDALE vs. SAME.

JULIA CLARK vs. SAME.

HELEN P. GILLESPIE vs. SAME.

CHARLES E. TISDALE vs. SAME

Plymouth.    October 26, 1896. — January 6, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Defective Highway — Absence of Barrier — Law and Fact.*

At the trial of an action against a town for injuries occasioned to the plaintiff by
reason of the alleged want of a railing at the side of a highway, it appeared that
the cellar hole, which the rear end of the plaintiff's carriage went into, was only
four feet from the line of the street and only twelve feet from the carriage path,
while a part of the hole was still nearer, less than two feet from the street line ;
that the horse, startled by a whip with which the driver of a passing team
struck his own horse, backed suddenly, but was stopped with the rear end of the
carriage in the hole, the forward wheels just outside the edge of the sidewalk,
and the horse standing across the sidewalk. *Held,* that it could not be said,
as matter of law, that the town was not required to provide a railing.

TORT, for personal injuries occasioned to the plaintiffs by rea-
son of the alleged want of a railing at the side of a highway in
the defendant town.    Trial in the Superior Court, before *Shel-
don,* J., who reported the cases for the determination of this
court, in substance as follows.

There was evidence tending to show that at the place where
the accident happened there was a good hard smooth gravel
road-bed, thirty-seven feet wide, from the inner edge of the
sidewalk ; that the sidewalk on the west side of the street was
between seven and eight feet wide, and made of gravel or coal
ashes, slightly raised above the gutter; that between the road-
bed and sidewalk there was no curbing, but a little bank of
grass had grown up between the travelled portion of the side-
walk and the gutter; that west of the west line of that side-
walk, and at a distance therefrom varying from nearly two feet
to eight feet, was a cellar hole upon land of one Nathan Willis,

from three and one half feet to four feet four inches deep, measuring from the level of the sidewalk; that the surface of the land from the west line of the sidewalk to said cellar hole was grassed over, and in places was slightly higher than the sidewalk, perhaps an inch or two; and that the place where the accident occurred was about two hundred feet from and north of Central Square, which is the business centre of. the town, the buildings in the vicinity of the square, especially on the north side, being compact; that on January 22, 1894, four of the plaintiffs, who were females, were riding in a carriage drawn by a horse, which horse and carriage were the property of the male plaintiff, along said street, travelling north; that the horse was trotting along near the middle part of the street wrought for team travel, and nearly opposite the cellar hole; that another carriage passed them at that moment, and just as it passed the driver struck his horse with a whip; that immediately the plaintiffs' horse began to back, and backed rapidly into this cellar hole, at a place about four feet from the street line, being a steep slope; that when the female plaintiffs were assisted from the team, the rear end of the carriage was in the hole, the forward wheels just west of the outside edge of the sidewalk, the horse standing across the sidewalk, and the driver, Mrs. Alice L. Tisdale, holding the horse with the reins tight; and that the female plaintiffs were injured, and the carriage and horse damaged. There was also evidence tending to show that there was no fence or other barrier along the westerly line of the sidewalk against the cellar hole.

The defendant asked the judge to direct a verdict in its favor, but the judge refused so to do.

The cases were submitted to the jury under instructions not objected to, and the jury returned a verdict in favor of each plaintiff. If there was any evidence upon which the jury could find that the defendant should have provided a fence or a barrier at the place, judgment was to be entered on the verdicts; but if the defendant, in the exercise of reasonable care, was not required to erect or maintain such fence or barrier, judgment was to be entered for the defendant in each case.

The cases were submitted on briefs to all the judges.

*H. Kingman*, for the defendant.

*L. E. Chamberlain*, for the plaintiffs.

BARKER, J. The part of the cellar hole, into which the rear end of the carriage went, was only four feet from the line of the street, and only twelve feet from the carriage path, while another part of the hole was still nearer, less than two feet from the street line. The horse, startled by a whip with which the driver of a passing team struck his own horse, backed suddenly, but was stopped with the rear end of the carriage in the hole, the forward wheels just outside the edge of the sidewalk, and the horse standing across the sidewalk. It was not an instance of straying from the highway, and, as the instructions given were not objected to, we must assume that the jury found that the occurrence was one which might reasonably be expected to happen with a horse fit to drive, but momentarily frightened, that there was but momentary loss of control, that the cellar hole exposed to danger a team properly travelling over the part of the road wrought for carriage travel, and that the accident would have been prevented by a suitable railing.

There is no doubt as to the test to be applied, which is whether there was a dangerous place so near the line of travel that travellers were likely to be injured by it while using the way. None of our decisions have held an excavation or sharp descent so near a street not sufficiently near to permit a finding that the absence of a railing was a defect. In *Logan* v. *New Bedford*, 157 Mass. 534, the bank wall was between five and six feet from the street line, and connected two houses twenty or twenty-five feet apart, while there were steps projecting from the houses to the street line, and the wall itself was back of the house fronts.

In the present case, in the opinion of a majority of the court, it cannot be said, as matter of law, that in the view of the evidence most favorable to the plaintiffs the risk was so small that it would be unreasonable to require the town to provide a railing. *Scannal* v. *Cambridge*, 163 Mass. 91.

*Exceptions overruled.*