REBECCA COLES *vs.* INHABITANTS OF REVERE.

Suffolk.    January 13, 1902. — April 2, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Way,* Defect in highway.

The absence of a guard or barrier on the top of a wall which is level with a high-way, the land beyond being about three feet lower, opposite a place where a stone crusher and quarry are operated, may be found to constitute a defect in the highway.

If a horse shied from fright but his driver instantly would have regained control of him had there been a barrier to prevent his going over the top of a wall on a level with the highway, a town may be found to be liable for an injury to the driver caused by the absence of such a barrier, if it ought to have maintained one there, whether the horse was frightened through the negligence of a third person or otherwise.

TORT for injuries from an accident caused by an alleged de-fect in Salem Street in the town of Revere, consisting of the absence of a sufficient barrier.   Writ dated June 29, 1898.

At the trial in the Superior Court before *Maynard,* J., it ap-peared by the plaintiff's evidence, that on October 25, 1897, the plaintiff was driving with her son on Salem Street, a highway of the defendant, and had reached a point nearly opposite a large ledge about one hundred feet high upon which was a stone crusher and quarry; that Salem Street at this point was about fifty feet wide; that there were two strips of the street reserved for sidewalks, but no regular sidewalk had been constructed; that the travelled way was about thirty-five feet wide and the

centre of the travelled way was occupied by a street railway company's tracks which left about fourteen feet of the travelled way on each side of the tracks; that the horse was travelling at a pace a little faster than a walk, six or seven miles an hour, and as the team approached the ledge some men working on the top of the ledge, employed by one Burnett the owner of the stone quarry, loosened a large stone weighing several tons and started it rolling down the slope of the ledge toward the street; that the stone made a loud noise in coming down the ledge and when it reached the base struck another stone and made a loud report; that the plaintiff's horse became frightened and went over the sidewalk and over the wall; that at the point where the horse went over, the land on the other side of the wall was between two feet nine inches and three feet lower than the surface of the street or sidewalk; that the top of the wall was on a level with the surface of the street; and that there was no railing or barrier. It was agreed, that due notice of the time, place and cause of the accident was given to the defendant.

At the close of the evidence the defendant requested the following rulings: "1. That on the whole evidence the plaintiff is not entitled to recover, and the verdict must be for the defendant. 2. If the accident was in any degree caused by the neglect of a third person, the verdict must be for the defendant. 3. If the injury was caused by the combined effect of the unsafe condition of the highway and the negligence or careless act of a third person, the plaintiff is not entitled to recover, and the verdict must be for the defendant. 4. If the act of Mr. Burnett in causing the stone to be thrown down in front of the team driven by the plaintiff was careless or negligent and this act caused the injury complained of, the plaintiff cannot recover and the verdict must be for the defendant."

The judge refused to give the first and fourth of these rulings in any form, and refused to give the second and third in the form requested.

The judge, among other instructions, gave the following: "It is necessary, in order to enable the plaintiff to recover, that the defect in the highway should have been the sole cause of the accident, no other cause contributing thereto. If before the ac-

cident the horse, from any cause, became actually uncontrollable and was so when the accident occurred, the plaintiff cannot recover. But if-there was only a momentary loss of control, and the control of the animal would have been instantly regained if the vehicle had not come in contact with the defect in the way, then the plaintiff may recover.

"There is where one of the contests is in this case. If there was only a momentary loss of control, and the control of the animal would have been instantly regained, and the accident have been averted, if there had been a proper barrier here, then that fact would not prevent the plaintiff from recovering. . . . I will say right here, it does not make any difference what caused the fright of the horse; whether something in the road, or something outside of the road; that is not the question; but the question is whether or not, so far as the horse was concerned, it was simply momentary, and that this person would have regained the control of the horse, had it not been for the defect."

The judge also said: "In the first place, taking the road as it was, was there a defect? That depends upon all the conditions and the circumstances. Had the officers of the town, whose duty it is to look after the roads, had they — taking everything into account, what was going on there, and the surroundings, and the amount of travel — had they any reason to apprehend that anybody in the exercise of due care would come to any harm? If they had not, then there was no defect. If they had, there was a defect."

The jury returned a verdict for the plaintiff in the sum of $850; and the defendant alleged exceptions.

*S. R. Cutler*, (*H. W. James* with him,) for the defendant.

*R. L. Sisk*, for the plaintiff.

HAMMOND, J. Upon the evidence, the questions whether the horse was driven with due care, whether the way was defective by reason of the absence of a barrier, whether the loss of control of the horse was only momentary and would have been instantly regained if the vehicle had not reached the defective spot, and the accident, if there had been a proper barrier, would have been avoided, and whether the defect was the sole cause of the injury, were all for the jury. There was no error in the manner in which the court dealt with the rulings requested by the de-

fendant. The instructions under which the case was submitted to the jury were full and correct. *Hinckley* v. *Somerset,* 145 Mass. 326. *Tisdale* v. *Bridgewater,* 167 Mass. 248, 250.

*Exceptions overruled.*