DANIEL F. GRIFFIN *vs.* CITY OF BOSTON.

Suffolk.    December 9, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Way*, Defect in highway.

A gravel heater left standing unused for a week in the gutter of a street of a city, with its handle raised and tied to the smoke stack by a rotten and unsafe wire, may be found to be a defect in the highway for which the city is liable to a traveller who is injured by the handle falling upon him as he is crossing the street in the exercise of due care.

TORT for injuries from being struck on the head by the falling handle of a gravel heater then standing on Charles Street in Boston and alleged to be a defect in that highway. Writ dated April 22, 1898.

At the trial in the Superior Court before *Wait*, J., it appeared, that the plaintiff, at the time of his injury, was about eight years

of age. He testified that on the afternoon of the day of the accident, he was sent by his mother to the Charles River Park Gymnasium, to call his sister home; that coming from Leverett Street he walked down Charles Street a little way on the sidewalk opposite the Charles River Park with the park at his right, and then started to cross the street to the park side; that he passed in front of a gravel heater which was standing on the street close by the curbstone on the same side of the street that he was on; that a team came along in front of him; that the driver on the team shouted at him, and he stepped back two or three steps on account of the team, and when about three feet from the heater something came down on him and hit him, and he did not know anything more.

There was evidence that the object which struck the plaintiff was the handle of the heater, being the tongue of the truck on which the oven rested, that it had been raised and tied to the smoke stack by an " old piece of rotten wire " in such a position that the weight of the handle came upon the wire, that the heater had stood where it was " for a week after the men working on the street got through there," and that the handle " was tied up with that piece of wire in the same condition for a week before the accident."

At the close of the plaintiff's evidence, the judge, at the request of the defendant, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. E. Cotter*, (*J. W. McAnarney* with him,) for the plaintiff.

*P. Nichols*, for the defendant.

BARKER, J. We think the case should have been submitted to the jury.

1. There was no evidence that the plaintiff voluntarily or by his own act came in contact with any portion of the heater, or that there was any circumstance which ought to have indicated to him that the tongue or handle would fall. It was proper for him to be in the highway and to cross it where he attempted so to do. Therefore he might have been found to be a traveller exercising due care.

2. Inanimate objects resting upon the surface of a properly wrought way, if of a nature to endanger travel, have been held to make the way defective whether put in place by some agency

of the municipality charged with the care of the way (*Bigelow* v. *Weston*, 3 Pick. 267, *Pratt* v. *Cohasset*, 177 Mass. 488) by an individual owner of the soil, (*Snow* v. *Adams*, 1 Cush. 443,) or by one having some other qualified right in connection with the way, (*Hayes* v. *Hyde Park*, 153 Mass. 514.)   See *Barber* v. *Roxbury*, 11 Allen, 318, 320 ; *Maccarty* v. *Brookline*, 114 Mass. 527 ; *Pratt* v. *Weymouth*, 147 Mass. 245.   But if when the injury is done the obstacle which constitutes the defect is in use and the acts of persons who are using it contribute to or are the moving cause of the injury the statutory liability cannot be enforced. *Barber* v. *Roxbury* and *Pratt* v. *Weymouth, ubi supra.*

In the present instance the heater with its tongue held up by a rotten and unsafe wire was an obstruction on the way which made travel unsafe.   It was not in use, and no act of any person tended to cause the tongue to fall.   The evidence tended to show that the heater had been left in the same place, next the curbing, unused for more than a week and in the same condition in which it was when the plaintiff attempted to pass near it. This would justify a finding that it was a defect and that the defendant was answerable under the statute for the injury which the plaintiff sustained because of the fall of the tongue upon him.   See *Chase* v. *Lowell*, 151 Mass. 422, 425.

*Exceptions sustained.*