MANDEL BLOCK *vs.* CITY OF WORCESTER.

Worcester.    October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Way,* Defect in highway.    *Negligence.    Street Railway.*

A hole five feet square and ten or twelve feet deep, dug between the tracks of a street railway for the purpose of removing earth from a sewer in process of construction, and left unguarded with nothing on the surface to indicate its existence except a small quantity of dirt not far away about nine inches or a foot high, can be found to be a defect in the highway.

Whether a person injured while trying to get on a street car moving slowly was in the exercise of due care, is a question of fact for the jury.

If the wrongful or negligent act of a third person contributed to an injury caused by a defect in a highway the city or town ·is not liable to the person injured, but if the defect is the proximate cause of the injury the fact that the innocent act of a third person contributed to it is no defence.

· If a person, who has signalled for a street car to stop, sees the car come almost or quite to a stop, and, believing that it is stopping or has stopped in response to his signal, tries to get on it when it is moving slowly, and, failing to do so, falls into an excavation between the tracks, and sues the city for his injuries as caused by a defect in the highway, and if there is evidence tending to show that the conductor and the motorman of the car did not observe the plaintiff's signal or his attempt to get upon the car, and that the car was stopped or made to go slowly because it was passing over the excavation, the plaintiff has the right to go to the jury upon his contention that the accident was not caused by the negligence of the street railway company.

TORT for injuries alleged to have been caused by a defect in Millbury Street in Worcester, consisting of an unguarded excavation, into which the plaintiff fell while trying to board an open electric car.    Writ dated November 11, 1902.

In the Superior Court the case was tried before *Pierce,* J., who at the close of the plaintiff's evidence ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*B. W. Potter & P. Potter*, for the plaintiff..

*A. P. Rugg*, (*J. F. Humes* with him,) for the defendant.

KNOWLTON, C. J.   The question in this case is whether there was any evidence which would warrant a verdict for the plaintiff. The defendant had dug in a street, between the tracks of an electric railway, a hole about five feet square and ten or twelve feet deep, which had been there a considerable time, and was used in taking out earth from an underground sewer then being constructed. At the time of the accident this hole was left unguarded, and according to the testimony, there was nothing on the surface of the street to indicate its existence, unless it was a small quantity of dirt not far away, about nine inches or a foot high. We think the jury would have been well warranted in finding this to be a defective condition of the street.

There was evidence for the jury on the question whether the plaintiff was in the exercise of due care. There were two railway tracks in the street, and he was standing on the side of the street opposite to the track in which the hole was, a little distance away from a point opposite to it. He gave a signal with his hand to stop the car that he might get on, and went across the street behind the car, to get upon the right hand side of it, as the left hand side was not open for the reception of passengers. He followed a short distance on the right hand side, behind the car, which came nearly or quite to a stop, and took hold of the rods on the car and tried to get on while it was moving. Failing in this he let go just as he had reached the hole, and by reason of his momentum fell in. It cannot be said as a matter of law that he was negligent in failing to see the hole before he reached it. Apparently it was concealed from his view by the car, as he approached it. He had given a signal to stop the car, and whether the conductor or motorman saw it or not, he might have supposed that the car had stopped or was stopping for him to get on. Upon the evidence, it cannot be said as a matter of law that he was negligent in trying to get on while the car was moving slowly. Whether he was negligent or not was a question of fact for the jury. *McDonough* v. *Metropolitan Railroad*, 137 Mass. 210. *Corlin* v. *West End Street Railway*, 154 Mass. 197. *Gordon* v. *West End Street Railway*, 175 Mass. 181.

To entitle him to recover against the city under the statute it must appear that the defect was the sole cause of the accident. *Kidder* v. *Dunstable*, 7 Gray, 104. *Shepherd* v. *Chelsea*, 4 Allen, 113. *Pratt* v. *Weymouth*, 147 Mass. 245. But this does not mean that there must be no other innocent or accidental contributing cause. *Rowell* v. *Lowell*, 7 Gray, 100. It means that there must be no other culpable cause. If the wrongful or negligent act of a third person contributes to an injury, there can be no recovery under this statute, even if the plaintiff is in the exercise of due care; but if the defect is a direct and proximate cause of the accident, other concurring conditions which do not involve negligence or culpability, even if they come into a causal relation to the accident, do not relieve the city or town from liability. *Hayes* v. *Hyde Park*, 153 Mass. 514. The party responsible for the defect ought to contemplate the probability of such concurring conditions and contributing causes. The limitation of liability under the statute, as construed by the court, does not go far enough to relieve a city or town because of the existence of such conditions.

It is contended that the plaintiff does not show that the accident was not caused by the negligence of the railway company. Upon this point too we think that the evidence was for the jury. They well might find that if the plaintiff was in the exercise of due care, the negligence of the conductor or motorman contributed to the injury, and that therefore the verdict must be for the defendant. On the other hand, they might believe that the conductor and motorman did not observe his signal or his attempt to get upon the car, and that the car was stopped at that point, or made to go very slowly, because of the hole and the risk to persons working in or about it or to the track or car, if the car should run at its usual speed. There was much ground for an argument that the accident was due, at least in part, either to negligence on the part of the plaintiff, or to negligence on the part of the managers of the car. But we are of opinion that this could not properly be ruled as a matter of law, and that the case should have been submitted to the jury.

*Exceptions sustained.*