### FRANCIS E. MEANEY *vs.* CITY OF BOSTON.

Suffolk. ' January 10, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Way,* Defect in highway.

If a traveller on a bridge which it is the duty of a city to maintain as a public highway, after waiting for a draw of the bridge to be closed and the gates at the ends of the draw to be opened, walks forward upon the sidewalk of the draw and is struck and injured by one of the gates rebounding from the fence to which it should have latched itself when thrown back, and if the accident was not caused by want of care on the part of the traveller or by negligence on the part of the gate tender in throwing back the gate but was due wholly to a defect in the latch of which the city ought to have known, this constitutes a defect in the highway, for an injury caused by which the traveller can recover from the city under R. L. c. 51, § 18.

TORT under R. L. c. 51, § 18, against the city of Boston for personal injuries from being struck by a gate on the Warren Bridge, leading across the Charles River from that part of Boston called Charlestown, under the circumstances stated in the opinion. Writ dated January 14, 1901.

In the Superior Court the case was tried before *Bell*, J., who

at the close of the evidence ruled that upon all the evidence the action could not be maintained and ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*G. F. Ordway,* for the plaintiff, was not called upon.

*J. D. McLaughlin,* for the defendant.

LORING, J.    On the morning of December 24, 1900, the plaintiff was crossing Warren Bridge on his way to Boston. When he reached the draw he found it open and the gates across the bridge shut.    He waited until the draw was shut and the gates across the bridge were thrown back by the gate tender.    He then went forward and was struck by the gate across the sidewalk on which he was walking rebounding from the fence to which it should have latched itself when it was thrown back.

By St. 1874, c. 259, § 2, the duty of maintaining this bridge as a public highway is put upon the defendant.

The necessary notice was given, and the evidence warranted the jury in finding that the accident was caused by a defect in the latch; that the defendant ought to have known of it; and that the accident was not caused in whole or in part by want of care on the part of the plaintiff or by negligence on the part of the gate tender in throwing back the gates.    This is not seriously contested by the defendant.

The defendant's contention is that the defendant is not liable for a defect in a highway under the statute (now R. L. c. 51, § 18), if the obstacle which constitutes the defect is in use at the time; and it relies on what is said by Barker, J. in *Griffin* v. *Boston,* 182 Mass. 409, 411, and on the cases of *Barber* v. *Roxbury,* 11 Allen, 318; *Pratt* v. *Weymouth,* 147 Mass. 245; *Lyons* v. *Brookline,* 119 Mass. 491; *Marble* v. *Worcester,* 4 Gray, 395.

There is nothing in these cases which supports this contention. The cases of *Pratt* v. *Weymouth, Barber* v. *Roxbury,* and *Marble* v. *Worcester* are cases in which the rule was applied that the defect in the way must be the sole cause of the injury, as to which see *Block* v. *Worcester,* 186 Mass. 526.    See also the earlier cases of *Palmer* v. *Andover,* 2 Cush. 600; *Rowell* v. *Lowell,* 7 Gray, 100; *Kidder* v. *Dunstable,* 7 Gray, 104; *Alger* v. *Lowell,* 3 Allen, 402; *Flagg* v. *Hudson,* 142 Mass. 280; *Hayes* v. *Hyde*

*Park,* 153 Mass. 514 ; *Coles* v. *Revere,* 181 Mass. 175. The case of *Lyons* v. *Brookline,* 119 Mass. 491, went on the same ground, and on the additional ground that the plaintiff was not a traveller and did not have the rights of one. What was said by Barker, J. in *Griffin* v. *Boston,* 182 Mass. 409, 411, is to the same effect. In that case Barker, J. did not stop when he said that the city is not liable if when the injury is done " the obstacle which constitutes the defect is in use." He added : "and the acts of persons who are using it contribute to or are the moving cause of the injury," citing *Barber* v. *Roxbury* and *Pratt* v. *Weymouth.* This is nothing more than a statement that the defect must be the sole cause of the injury.

In the case at bar the defect was the sole cause of the injury if the gate tender exercised due care in throwing back the gate in question.

*Exceptions sustained.*