GEORGE R. CLINTON *vs.* INHABITANTS OF REVERE.

Suffolk.    January 8, 1906. — April 2, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Way,* Defect in highway.    *Negligence.    Bicycle.    Law of the Road.    Statute.*

A depression in the roadway of a street of a town which can be found to have
    been about eighteen inches from the curbstone, extending along the street eight
    or nine inches, a foot across and varying in depth from six to eight or ten
    inches, in an action against the town by a traveller injured thereby, may be
    found to have been a defect in the highway.

In an action against a town under R. L. c. 51, § 18, by a traveller on a highway of
    the defendant for personal injuries by reason of a defect therein, the fact that
    the plaintiff at the time of the injury was riding a bicycle does not prevent
    him from recovering if he was in the exercise of due care.

In an action against a town under R. L. c. 51, § 18, by a traveller on a highway of
    the defendant for personal injuries by reason of a defect therein, if it appears
    that the plaintiff was riding a bicycle and that an electric car and a furniture
    wagon were ahead of him passing abreast in the same direction in which he was
    going, that at his right there was a space between the wagon and the curbstone
    of about three feet, that a companion of the plaintiff who was riding ahead of
    him passed safely through this space, that the plaintiff, instead of observing the
    requirements of R. L. c. 54, § 2, by turning to the left, crossing the tracks and
    passing to the left of the car, turned to the right of the wagon and was thrown
    to the ground by running into a gully which as he approached was concealed
    from him by the wagon, the question whether the plaintiff was in the exercise
    of reasonable care is for the jury.

The rule, that in an action against a city or town by a traveller for an injury by
    reason of a defect in a highway the defendant is not liable unless the defect
    was the sole cause of the accident, refers only to a concurring wrongful
    or negligent act of another which contributed to the injury, and does not
    apply to the presence of vehicles lawfully on the highway and driven with
    due care which by narrowing the space made the plaintiff's passage more
    hazardous.

TORT under R. L. c. 51, § 18, for personal injuries alleged to
have been suffered by reason of a defect in a highway of the
defendant called Broadway when the plaintiff was travelling
thereon on a bicycle at about five or ten minutes after five
o'clock in the afternoon of June 13, 1903.   Writ dated July 14,
1903.

At the trial in the Superior Court before *Hardy,* J. the facts
appeared which are stated in substance in the opinion.

At the close of the evidence the defendant asked the judge to give, among others, the following instructions:

2. If the jury find the fact to be that the plaintiff was riding upon a bicycle at the time of his alleged injury, and that the fact that he was so riding contributed in any way whatsoever, as a cause of such injury, they must find a verdict for the defendant.

4. The jury is not allowed to determine or inquire what might have happened if the plaintiff had been walking, riding on horseback or riding in a carriage at the time of the alleged injury.

5. If the jury find that at the time of the accident the plaintiff was riding a bicycle, such fact will warrant the jury in finding that the plaintiff was not in the exercise of due care.

6. If a moving carriage under the control of some person other than the defendant caused or contributed to the cause of the alleged injury, then the jury should find for the defendant.

7. On all the evidence in the case the verdict should be for the defendant.

The judge refused to make these rulings and submitted the case to the jury with other instructions.

After the judge had charged the jury, the defendant excepted to the following instruction:

" Some suggestion has been made by the defendant's counsel, — if you are satisfied that this accident was caused by the fact that some third person interfered with his travel, — if that contributed to his harm or to the accident, that that would preclude him from recovery against the town. I hardly know why that request is made in this case; I don't know whether any evidence tending to show that the person driving this team was committing any fault, or guilty of any negligence. The mere fact that that team was there, and because he attempted to pass it, and he may have struck the team instead of striking the curbstone of the sidewalk, does not necessarily enter into this case as an issue showing that a third party — that is, the party in charge of the team — was in fault. He had the right to be in the street. It is a question of due care on the part of the plaintiff as to whether he was passing this team properly; and if you should find that the hubs of that team were perhaps nearer

the sidewalk than some other man might have driven the team, that does not entitle you to say that the party driving the team was at fault, as he had a right to be in any part of the street he saw fit. It was the duty of the person behind him to pass him without a collision. But if there is any evidence there was fault on the part of a third person, and that act contributed to the injury, the town would be absolved from liability, because you must be satisfied that the town was solely responsible for the injury that occurred in the case."

The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*S. R. Cutler*, for the defendant.

*R. Clapp*, for the plaintiff.

BRALEY, J. The first question is, whether there was any evidence upon which the jury could find that the street was unsafe for the use of travellers in ordinary vehicles. *Baker* v. *Fall River*, 187 Mass. 53. It apparently was maintained with sidewalks, and in the roadway a double line of car tracks were laid. In their description of the alleged defect the plaintiff and his witnesses, whose testimony comprises all the evidence on this issue, differed only as to the depth of the gully. This depression, which extended along the street about eighteen inches from the curbstone, could be found to have been some eight or nine inches in length by a foot in width, while varying in depth from six to eight or ten inches. The area covered, the depth of the hole and its location with reference to the use of the street were essential facts for the consideration of the jury, to whom this question was left rightly. *Hodgkins* v. *Rockport*, 116 Mass. 573.

The plaintiff's use of a bicycle as a conveyance does not prevent the maintenance of the action, if at the time of the accident he was using ordinary care. *Spring* v. *Williamstown*, 186 Mass. 479. *MacFarlane* v. *Boston Elevated Railway*, 194 Mass. 183.

When the plaintiff was injured, an electric car and a furniture wagon were passing abreast in the direction in which he was going, and, upon turning to the right of the wagon to go by, he ran into the gully, and was thrown to the ground. It also appeared that he was accompanied by a companion, who riding ahead had passed safely, even if the space between the wagon

and the curbstone was only three feet in width; and the plaintiff testified that, as he approached, but before attempting to pass, his view of the gully was cut off by the team. Under these circumstances, although he failed to observe the requirements of R. L. c. 54, § 2, by turning and passing by to the left of the car, it was for the jury also to decide whether his conduct was reasonably prudent. *Torphy* v. *Fall River*, 188 Mass. 310, 314, and cases cited. *Campbell* v. *Boston*, 189 Mass. 7. *Smith* v. *Conway*, 121 Mass. 216.

In actions to recover damages for injuries caused to travellers by defective ways, a city or town is not liable unless the defect is the sole cause of the accident. *Raymond* v. *Haverhill*, 168 Mass. 382, 384. By the sixth request the defendant asked for a ruling that this rule was applicable, and that if the proximity of the wagon caused or contributed to the plaintiff's injury he could not recover. But there was no evidence of negligence on the part of the driver of the team, which was lawfully upon the street. If its presence by narrowing the space may be said to have rendered the plaintiff's passage more hazardous, yet each was properly using the way without any act of negligence towards the other. It is only where the concurring act of a wrongdoer also contributes to the injury that the municipality is relieved by this exception to the general rule, that in actions for wrongs suffered from negligence the act causing the injury is to be treated as the proximate cause, without regard to intervening acts by which it is precipitated. *Block* v. *Worcester*, 186 Mass. 526. *Oulighan* v. *Butler*, 189 Mass. 287, 292, 293, and cases cited.

The defendant's requests were denied rightly, and the instructions given on the questions raised clearly and accurately stated the law.

*Exceptions overruled.*