MICHAEL F. MCMAHON *vs.* INHABITANTS OF HARVARD.

Worcester.  September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Way,* Public: want of sufficient railing.

In an action against a town under R. L. c. 51, § 18, for an injury to a horse of the plaintiff by reason of a want of a sufficient railing on a public way of the defendant, it appeared that the way in question was a country road, that the adjoining land was two and a half feet below the level of the road and that the defendant maintained on the top of the retaining wall a one-rail fence, which was in a defective condition of which the defendant had had notice, that the plaintiff was driving a pair of horses attached to an empty wagon, that a loose stone about the size of a man's fist, used by teamsters to block their wheels in going up hill, had been left in the road, that the right front wheel of the plaintiff's wagon came in contact with this stone, causing the pole of the wagon to swerve and throw the right hand horse off his balance, that the horse staggered against the railing, which broke, and that his right hind leg went over the retaining wall, causing the injury. *Held,* that the question whether the defective railing was the sole cause of the injury was one of fact to be submitted to the jury.

TORT under R. L. c. 51, § 18, against the town of Harvard for injury to a horse of the plaintiff alleged to have been sustained on August 11, 1911, by reason of a want of a sufficient railing on Fairbanks Street, a public way which it was the duty of the defendant to maintain and repair. Writ in the Second District Court of Eastern Worcester dated October 3, 1911.

On appeal to the Superior Court the case was tried before *Sanderson,* J. The facts which were shown by the plaintiff's evidence are stated in the opinion. Fairbanks Street was a country road and the part of it where the accident occurred was a hill or incline with woods on both sides of the road. The stone wall mentioned in the opinion was referred to in the evidence as "the bank wall." The top of it was level with the road. The plaintiff testified that the trig stone mentioned in the opinion was "something about the size of my fist, might be a little larger," and that

it was "a small stone some of the teamsters use to trig their wheels as they went up the hill."

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. E. O'Toole*, for the plaintiff.

*W. H. Atwood*, for the defendant.

DeCourcy, J.    This is an action under R. L. c. 51, § 18, to recover damages for injuries to the plaintiff's horse caused by the alleged negligence of the defendant in failing to maintain a sufficient railing along one of its public ways.

The plaintiff was driving a pair of horses, hitched to an empty wagon, on the right hand side of Fairbanks Street, and having turned aside to allow another team to pass, he stopped for a few moments.  His wagon was then about two feet from the side of the way.  At that point the adjoining land was two and a half feet below the level of the road, and a one-rail fence on top of a stone wall was maintained there by the defendant.  After the team started again the plaintiff's horses had taken but two or three steps when the pole hit the right hand horse and threw him off his balance; he staggered against the railing, the rail broke, and the horse's right hind leg went over the wall.  One witness testified that the horse appeared to be frightened, and that his leg did not strike the rail with any great force.

There was ample evidence for the jury of the plaintiff's due care; of the necessity of a railing for safe and convenient travel upon Fairbanks Street at the place of the accident; and of the defective condition of the railing maintained there.  It was also for the jury upon the evidence to say whether this condition was known, or by the exercise of reasonable care and diligence would have been known by the proper officers of the town; whether the plaintiff's loss of control of his horse, if any, was merely momentary; and whether the injury would have been prevented if the railing had been in proper condition.  *Coles* v. *Revere*, 181 Mass. 175.  *Thompson* v. *Boston*, 212 Mass. 211.  *Noyes* v. *Gardner*, 147 Mass. 505.

The only doubtful question in the case is, whether the defective railing was the proximate and sole cause of the accident.  This question arises from the presence in the road of a trig stone, about the size of a man's fist, with which the right front wheel of the wagon came in contact, thereby causing the pole to which the

horses were attached to swerve and throw one horse off his balance. Assuming that the trig stone was a concurring cause of the accident, nevertheless it would not break the causal connection between the defective railing and the injury, and thereby relieve the town, unless its presence in the road was due to negligence. The law may regard a defect as the sole cause of an accident and hold a town responsible therefor, although the innocent act of the plaintiff or of a third person intervenes between the defect and the injury. As was said by Holmes, J., in *Hayes* v. *Hyde Park,* 153 Mass. 514, 516, "The mere fact that another human being intervenes is not enough. . . . His intervention is important not *qua* cause, but *qua* wrongdoer. . . . It is because the act is wrongful, including under this head negligence, not because it is a concurring cause, that the defendant escapes." Accordingly in *Palmer* v. *Andover,* 2 Cush. 600, it was recognized that if the accident was due to a defect in the way co-operating with a failure on the part of the carriage or harness, not attributable to negligence, the town would be liable. So in *Alger* v. *Lowell,* 3 Allen, 402, the fact that the plaintiff was pushed from the street down an unguarded declivity, by a crowd whose action was not wilful or negligent, did not prevent the plaintiff from recovering for injuries sustained by reason of the absence of a railing; and in *Hayes* v. *Hyde Park, supra,* it was held that a town might be liable for a sagging wire that constituted a defect in the way although the innocent act of a third person brought the plaintiff into contact with it. See also *Sears* v. *Dennis,* 105 Mass. 310; *Williams* v. *Leyden,* 119 Mass. 237; *Flagg* v. *Hudson,* 142 Mass. 280; *Pomeroy* v. *Westfield,* 154 Mass. 462; *Clinton* v. *Revere,* 195 Mass. 151. It is clear that if the plaintiff's horse had been thrown off his balance by stepping upon this loose stone instead of by reason of the wheel coming in contact with it, the case would have been one for the jury. *Lyman* v. *Amherst,* 107 Mass. 339.

Neither party contended that this trig stone on a country road constituted a defect in the way; and on the evidence it could not be ruled as matter of law that its presence there was due to negligence. We are of opinion that the question whether the defective railing was the sole cause of the injury was one of fact, and that the case should have been submitted to the jury.

*Exceptions sustained.*