WINIFRED A. WHALEN *vs.* CITY OF BOSTON.

Hampden.    October 27, 1938. — October 24, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Way*, Public: defect. *Damages*, For tort. *Proximate Cause*.

A pedestrian who injured her knee in a fall caused by a defect in a public way was entitled to have included in the damages assessed against the municipality under G. L. (Ter. Ed.) c. 84, § 15, compensation for a wrist broken in a second fall nearly four months later which "was caused in part by the weakness in her knee resulting from the original injury" and to which "no other factor contributed . . . except her walking" through a hallway in "an ordinary manner,"

TORT. Writ in the Superior Court dated July 28, 1937.

There was a finding by *Leary*, J., for the plaintiff in the sum of $1,895.

The case was submitted on briefs.

*H. Parkman, Jr.*, Corporation Counsel, & *E. K. Nash*, Assistant Corporation Counsel, for the defendant.

*C. V. Ryan, Jr.*, for the plaintiff.

LUMMUS, J. This is an action under G. L. (Ter. Ed.) c. 84, § 15, based upon a fall and a consequent injury to the knee sustained by the plaintiff on June 24, 1937, by reason of a defect in a way which the defendant was by law obliged to repair. The right of the plaintiff to recover is not denied. The only question relates to her right to have included in the damages compensation for a second fall on October 12, 1937, which "was caused in part by the weakness in her knee resulting from the original injury of June 24, 1937," and to which "no other factor contributed . . . except her walking" along "the floor from her bedroom through the hallway leading to her kitchen" in "an ordinary manner." By this second fall she sustained a fracture of the wrist. The judge ruled that compensation for the fracture of the wrist should be included in the damages, and the defendant alleged exceptions.

If this were a common law action of tort for negligence against a private individual or corporation, it would be clear that compensation for the consequences of the second fall should be included in the damages. Upon the findings the second injury "was a natural and proximate result of the original injury." *Hartnett* v. *Tripp*, 231 Mass. 382, 385. *Wilder* v. *General Motorcycle Sales Co.* 232 Mass. 305. *Clayton* v. *Holyoke Street Railway*, 236 Mass. 359, 362. *Gaglione's Case*, 241 Mass. 42. *Geary's Case*, 253 Mass. 114. *Wentworth's Case*, 284 Mass. 479, 484. *Crowley's Case*, 287 Mass. 367, 375. *Wallace* v. *Ludwig*, 292 Mass. 251, 256. *Evans's Case*, 299 Mass. 435. *Chmielowski's Case*, 301 Mass. 379. Am. Law Inst. Restatement: Torts, § 460. See also *Sacchetti* v. *Springer*, 303 Mass. 480, 481.

The defendant contends that a different rule applies in actions under the statute relating to defects in ways. The

liability under that statute is in some respects peculiar. In the first place, the general principle that ·a defendant cannot escape liability in tort for an injury caused by his fault by reason of the fact that the concurrent fault of a third person contributed to cause the injury (*McDonald* v. *Snelling,* 14 Allen, 290, 292; *Boston & Albany Railroad* v. *Shanly,* 107 Mass. 568; *Corey* v. *Havener,* 182 Mass. 250; *Oulighan* v. *Butler,* 189 Mass. 287, 292, 293; *Morrison* v. *Medaglia,* 287 Mass. 46; *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 195; *Leveillee* v. *Wright,* 300 Mass. 382) has no application to cases of injuries caused by defects in ways. In highway defect cases the municipal corporation is not liable unless the defect was the sole cause of the injury. That does not mean that the fact that the operation of natural forces or the nontortious acts of other persons contributed to the injury, excuses the municipal corporation. It means merely that where the wrongdoing of the plaintiff or a third person combines with the defect in the way to cause the injury, the municipal corporation is not liable. *Feeley* v. *Melrose,* 205 Mass. 329, 333. *Palmer* v. *Andover,* 2 Cush. 600. *Alger* v. *Lowell,* 3 Allen, 402, 406. *Flagg* v. *Hudson,* 142 Mass. 280. *Hayes* v. *Hyde Park,* 153 Mass. 514. *Block* v. *Worcester,* 186 Mass. 526, 528. *Meaney* v. *Boston,* 194 Mass. 396. *Clinton* v. *Revere,* 195 Mass. 151. *McMahon* v. *Harvard,* 213 Mass. 20. *Williamson* v. *Boston Elevated Railway,* 259 Mass. 229.

It is held, also, that the words "bodily injury or damage in his property" in G. L. (Ter. Ed.) c. 84, § 15, do not extend to the injury to the finances of the husband or father of the person injured, resulting from the expenses of care and cure. The word "property" is limited to tangible property injured in the accident. *Harwood* v. *Lowell,* 4 Cush. 310. *Nestor* v. *Fall River,* 183 Mass. 265. See also *Brailey* v. *Southborough,* 6 Cush. 141, and for cases under different statutes, *Wilson* v. *Grace,* 273 Mass. 146, 154, and *Cormier* v. *Hudson,* 284 Mass. 231, 234–236. But when there is a bodily injury to the plaintiff himself, there is no rule limiting recovery for damages sometimes called consequential, that prevents recovery for mental suffering, medical expenses,

and loss of earning capacity.  *Lewis* v. *Springfield,* 261
Mass. 183.  *Mitchell* v. *Springfield,* 261 Mass. 188.  *Kelley*
v. *Boston,* 296 Mass. 463, 467.  See also *McAdam* v. *Federal
Mutual Liability Ins. Co.* 288 Mass. 537.  In *Lewis* v.
*Springfield, supra,* at page 188, it is said: "When a bodily
injury is received by reason of a defect in a highway, and
other injuries directly flow from the bodily injury as a
natural and probable result of the physical harm, the
injured person may recover for such injuries."

It is true, that there are cases which have been thought to
confine in highway defect cases the tracing of consequences
back to causes more closely than in actions of tort generally.
In *Marble* v. *Worcester,* 4 Gray, 395, a horse broke away be-
cause of a defect in a way and injured the plaintiff fifty rods
from the place of the defect.  It was held that the defect was
not the proximate cause of the injury.  In that case, as was
explained in *Amstein* v. *Gardner,* 134 Mass. 4, 11, "a control-
ling consideration was, that the plaintiff was a stranger to
all connection with the horse; and it was expressly said that
the mere distance of place between the existence of the defect
and the damage might not be sufficient to prevent a  plain-
tiff from recovering."  See also *McDonald* v. *Snelling,* 14
Allen, 290, 292; *Miller* v. *Boston & Northern Street Railway,*
197 Mass. 535, 539.  In *Sherman* v. *Favour,* 1 Allen, 191,
193, however, *Marble* v. *Worcester* was treated as an appli-
cation of general principles of causation.  In *Jenks* v. *Wil-
braham,* 11 Gray, 142, a wheel of the plaintiff's wagon was
strained and wrenched by reason of a defect in a way.  The
plaintiff stopped the wagon, examined the injury, and de-
cided to proceed.  About three quarters of a mile farther on,
an axletree broke, and he was hurt.  It was held that the
decision to continue, and not the defect, was the proximate
cause of his bodily injury.  The principle of that case is that
of *Kelley* v. *Boston,* 180 Mass. 233, 234, *Carter* v. *Towne,* 103
Mass. 507, and *Smith* v. *Peach,* 200 Mass. 504.  On the other
hand, in *Davis* v. *Longmeadow,* 169 Mass. 551, where a horse-
drawn vehicle was mired in a defective way, and the driver
decided to try to get it out, the death of a horse from over-
exertion in pulling it out was held the result of the defect.

In *Raymond* v. *Haverhill*, 168 Mass. 382, a plaintiff whose ankle was hurt by a defect in a way, tried, some months afterwards, to step from a chair to a settee, and fell because of the weakness of her ankle, fracturing her leg. It was held that the broken leg could not be attributed to the defect. Although a restricted view of causation in highway defect cases was mentioned, the case has been cited a number of times as an authority upon causation in torts generally. It much resembles *Snow* v. *New York, New Haven & Hartford Railroad*, 185 Mass. 321, which was not a highway case.

Without considering how far, if at all, the principles of causation in highway defect cases are more restricted than in torts generally, we think that the case of *Lewis* v. *Springfield*, 261 Mass. 183, 188, goes far towards a determination of the present case in favor of the plaintiff. In the present case the conduct of the plaintiff at the time she broke her wrist was "ordinary" and normal, whereas in *Raymond* v. *Haverhill*, 168 Mass. 382, the second accident occurred during the performance of a feat which an injured person naturally would hesitate to attempt. In the present case there was no culpable cause of the broken wrist other than the defective way. Where, as in this case, there is a bodily injury giving a right to damages, we think the rules governing the assessment of damages for torts generally apply in highway defect cases.

*Exceptions overruled.*