MARY R. CARROLL *vs.* CITY OF LOWELL
(and a companion case [1]).

Middlesex.     January 8, 1947. — March 1, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Way*, Public: defect.     *Negligence*, Motor vehicle, Contributory.

At the trial of an action under G. L. (Ter. Ed.) c. 84, § 15, for damages
sustained in a collision at night of an automobile operated by the
plaintiff with a fallen tree which constituted a defect on a public way,
evidence of the speed of the plaintiff's automobile and his conduct
when he became blinded by the lights of an approaching automobile
did not require a finding of negligence on his part as a matter of law.

A defect in a highway may be found to have been the sole cause of damage
and to render a municipality liable under G. L. (Ter. Ed.) c. 84,
§ 15, although innocent conduct of the plaintiff or of a third person
concurs with the defect to cause the injury.

TWO ACTIONS OF TORT.     Writs in the Superior Court
dated November 27, 1944.

The cases were tried before *Hanify*, J.

*P. H. Ready*, City Solicitor, for the defendant, submitted
a brief.

*J. N. Esdaile*, for the plaintiffs.

SPALDING, J.    In these two actions of tort brought
against the defendant for an alleged defect on a public way
the jury returned verdicts for the plaintiffs.    The cases are
here on the defendant's exceptions to the denial of motions
for directed verdicts.

It was agreed that the plaintiffs had complied with the
requirements of the statute as to notice.    And the defendant
does not argue that the evidence would not warrant a find-
ing that the plaintiffs were injured when an automobile in
which they were riding collided with an obstruction on a
public way in the city of Lowell.    Nor does it contend that
the obstruction could not have been found to be a remediable
defect of which the defendant by the exercise of proper care

---

[1] The companion case is by Leo T. Carroll against the same defendant.

and diligence might have had reasonable notice. G. L. (Ter. Ed.) c. 84, § 15. The only ground argued by the defendant in support of its exceptions is that the defect was not the sole cause of the accident by reason of the concurring negligence of the plaintiff Leo T. Carroll, and that this precludes recovery in both cases.

These facts could have been found: On September 15, 1944, at about 7: 45 P.M., the plaintiff Leo T. Carroll (hereinafter called Carroll) was operating his automobile on Middlesex Street, a public way in the city of Lowell. He was travelling from Malden, where he lived, to Nashua, New Hampshire. His wife, the plaintiff Mary R. Carroll, and a daughter, aged eleven, sat beside him on the front seat. It was a dark, misty night and the street was not lighted; but the headlights of the automobile were on, and the visibility was described as "fair." Middlesex Street, which is straight and level, is about thirty-five feet wide. There were no automobiles parked on either side of the street. Just prior to the accident, while his automobile was proceeding at twenty miles per hour, Carroll was blinded by the headlights of several automobiles coming from the opposite direction. He started to slow down and put on his brakes, and "by the time . . . [he] could get the car fully under control . . . [he] was into the tree." At the time of the collision he was travelling at the rate of twelve to fifteen miles per hour. The tree which he ran into had been blown down by a high wind or hurricane the night before and blocked the street so that there was space for only one automobile to pass on the left hand side. The part of the tree nearest to him was the roots which extended in the air some eight or ten feet and "took up about one half of the road." "The stump of the tree was black loam . . . or dirt of some kind."

The headlights on Carroll's automobile had been recently checked and found to be all right. He testified that he could see ahead for a distance of seventy-five feet. When first blinded by the approaching headlights, he was "maybe sixty feet" from the tree. Estimates of the time that elapsed between the moment when Carroll was blinded by the headlights and the collision varied. One estimate was that it

was one half a minute; another one likened it to the time taken to "snap your finger, [or] something like that." Carroll testified that he never saw the tree until he was about three feet from it.

The motions for directed verdicts were rightly denied.

In actions against cities or towns for defective ways there can be no recovery unless the defect was the sole cause of the injury. In other words, where the wrongdoing of the plaintiff or a third person combines with the defect in the way to cause the injury, the municipality is not liable. Consequently, if any negligence of Carroll contributed to the accident, neither he nor his wife could recover; the latter would be barred not because the negligence of Carroll is to be imputed to her but because by reason of that negligence it could not be found that the defect in the way was the sole cause of the injury. *Hayes* v. *Hyde Park*, 153 Mass. 514. *Clinton* v. *Revere*, 195 Mass. 151, 154. *Feeley* v. *Melrose*, 205 Mass. 329, 333. *Whalen* v. *Boston*, 304 Mass. 126, 128, and cases cited. But "The law may regard a defect as the sole cause of an accident and hold a town responsible therefor, although the innocent act of the plaintiff or of a third person intervenes between the defect and the injury." *McMahon* v. *Harvard*, 213 Mass. 20, 22. *Hayes* v. *Hyde Park*, 153 Mass. 514, 516. *Whalen* v. *Boston*, 304 Mass. 126, 128.

We think that it could not be ruled as matter of law that Carroll was negligent. The speed at which he was proceeding was not shown to have been excessive in the circumstances. And it could have been found that the tree with which his automobile collided was a dark object without lights. This evidence, taken in conjunction with the evidence that he was blinded by the approaching headlights at approximately the time when he might have seen the tree, does not require a finding that in the exercise of reasonable care he ought to have seen it in time to avoid running into it. The cases at bar are governed by *Woolner* v. *Perry*, 265 Mass. 74, *Langill* v. *First National Stores Inc.* 298 Mass 559, *Baker* v. *Hemingway Brothers Interstate Trucking Co.* 299 Mass. 76, *Price* v. *Pearson*, 301 Mass. 260, 263–264,

*Cutler* v. *Johansson*, 306 Mass. 466, 470, *Bresnahan* v. *Proman*, 312 Mass. 97, 101, and *Prout* v. *Mystic Motor Trans. Co. Inc.* 317 Mass. 349, rather than by *Stone* v. *Mullen*, 257 Mass. 344, *Levine* v. *Bishop*, 292 Mass. 277, and *Ouillette* v. *Sheerin*, 297 Mass. 536, on which the defendant relies.

*Exceptions overruled.*