*Municipal Court of the City of Boston*
No. 140038

**LINDA SCOTT, p.p.a.**

**v.**

**CITY OF BOSTON, ET AL**

Argued: April 22, 1966 Decided: April 29, 1966.
*Present*: Adlow, C.J., Shamon & Canavan, JJ.
Case tried to *Foster, J.*

*Adlow, C.J.* Action of tort to recover for injuries allegedly caused by a defect in a public way. *At the trial there was evidence tending to show that* on or about May 9, 1965 at about 9:30 p.m. while traveling on Dudley Street in the City of Boston at a point 24 inches from the curb and directly opposite the front entrance of a store located at 624 Dudley Street, the plaintiff was caused to fall by a defect which consisted of "an opening, break, depression or elevation about 3 inches in height at its highest point; about 3 inches in diameter; made of metal, being the base of a pole which had been removed in the past. . .". There was evidence that the pole, which served the street car line operating on the street had been severed about five years prior to the accident. There was further evidence that the sidewalk around the base was cracked and had seriously deteriorated as was evidenced by a photograph of the locus offered in evidence. In view of the narrow and restricted issue on which this cause comes before this court, it is unnecessary to

enlarge further on the facts in the case.

The defendant requested the court to rule as a matter of law that for the plaintiff to recover the defendant's conduct must be the *sole and proximate cause* of the injury sustained. The court so ruled, and found for the plaintiff. The defendant being aggrieved by the finding of the court now argues that, on the undisputed facts, the City of Boston is not solely responsible for causing the alleged injuries, and in view of the court's ruling of law cannot be held liable.

█ The ruling of the court did not preclude a finding for the plaintiff.

█ In cases involving highway defects the municipal corporation is not liable unless the defect was the *sole cause* of the injury. *Marble v. Worcester,* 4 Gray 395. This means that where the wrongdoing of another combines with the defect *to cause* the injury the municipal corporation is not liable. *Whalen v. Boston,* 304 Mass. 126, 128.

█ Whether the concurring cause is sufficient to exonerate the municipality from liability depends on the circumstances attending the occurrence of the concurring event. If the concurring event does not involve negligence or culpability on the part of anyone, even if it has a causal relationship to the defect, the municipality will not be relieved of responsibility. *Hayes v. Hyde Park,* 153 Mass. 514; *Block v. Worcester,* 186 Mass. 526, 528; *Carroll v. Lowell,* 321 Mass. 98. The condition caused by the presence of the

stump of a pole belonging to the street car company was not the consequence of a concurring act of anyone. It had existed over a period of five years; the City of Boston had ample opportunity to learn of its presence in the public way. It was the duty of the defendant to keep this way safe. G.L. (Ter. Ed.) c. 85, §8. In this it failed. The condition to which this event was traceable might possibly be the responsibility of the company which installed the pole, but if it were, the City of Boston could seek to be indemnified for any loss it might suffer in the same manner that it sought indemnification in *Boston v. A. W. Perry, Inc.,* 304 Mass. 18. *See Also, Revised Ordinances City of Boston* 1961 - c. 21, §18.

In our opinion there was ample evidence to warrant the court's conclusion that the defendant was solely responsible for the defect in issue. *Report dismissed.*

Abe Levine of Boston for the Plaintiff.

Paul R. Tierney of Boston for the Defendant.