ELIZABETH LEMON *vs.* COMMONWEALTH.
SOLOMON LEMON *vs.* SAME.

Essex.   November 12, 1920. — January 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Commonwealth. Way,* Public: defect in State highway.

The Commonwealth can be impleaded in its own courts only in the manner, to the extent and for the causes expressed in the statutes granting consent thereto.

Under St. 1917, c. 344, Part I, § 16, creating a liability on the part of the Commonwealth for defects in State highways but providing that "The Commonwealth shall not be liable for an injury which may be sustained . . . during the construction, reconstruction or repair of such highway . . ." the Commonwealth is not liable for injuries caused by a vehicle colliding in the night time with an iron horse, which was left unlighted after it had been placed as a barrier across the half of a much travelled State highway upon which the vehicle rightfully was travelling and whose warning legend, that the highway was "under construction," could not be read because of the darkness, although the actual work upon the highway was being done one hundred and fifty feet beyond the place where the barrier stood.

PETITIONS, filed in the Superior Court under R. L. c. 201, § 1; Sts. 1905, c. 370, § 1; 1917, c. 344, Part I, § 16, the first for personal injuries and the second for personal injuries and damage to the petitioner's motor car resulting from a collision in the night time on September 11, 1917, with an iron horse barring a part of the State highway in the town of Spencer.

In the Superior Court the petitions were heard together by *McLaughlin,* J., without a jury. Material facts found by him are described in the opinion. The judge found for the respondent in both cases and, at the request of all parties, reported the cases to this court for determination.

*W. A. Pew & A. W. Putnam,* for the petitioners, submitted a brief.

*A. E. Seagrave,* Assistant Attorney General, for the Commonwealth.

PIERCE, J.   These cases are before this court on a report of a judge of the Superior Court, after a hearing on the petitions of a husband and wife to recover damages for injuries, to the

personal property of the husband and to the person of the wife, while they were travelling on the State highway, in the town of Spencer.

The following facts, in substance, are shown by the report: On September 11, 1917, between half past eight and nine o'clock in the evening, the petitioners were travelling in an automobile from Springfield to Salem on the State highway in the town of Spencer. They ran into an iron horse, about eight feet long, which had been placed by the employees of the Massachusetts Highway Commission in the road upon which the petitioners were travelling. At the time of the collision there were no lights on the horse and the night was dark, but pleasant. Proper and sufficient lights were placed on the horse at sundown previous to the accident, but three or four hours later, at half past eight or nine o'clock in the evening, when the accident happened, none of the lanterns was lighted and one was missing. The highway is a main thoroughfare between Worcester and Springfield, and the volume of travel is very large, both day and night, at the season of the year when the petitioners were injured. No precautions were taken to prevent the removal or extinguishment of lights, nor in the event of such removal or extinguishment to ascertain the fact and replace or relight them. The horse with which the petitioners collided was on the southerly side of the road, directly in their path, blocking about eight feet of the road on its southern side. It stood one hundred and fifty feet to the west of a section of the road which was undergoing repairs. Employees of the highway commission had dug out the southern half of this section preparatory to filling it in with rocks and raising the grade, and the work was going on solely on that half of the road, the northern half remaining open for travel. Upon the horse was a printed sign, stating that the highway was "under construction," but the sign was not read and could not have been read by the petitioners previous to the accident on account of the darkness. As the petitioners approached the barrier an automobile was coming along the northern side of the road from an opposite direction, throwing a bright headlight on the faces of the petitioners.

It is familiar law that the Commonwealth can be impleaded in its own courts only in the manner, to the extent, and for the causes expressed in the statute granting consent thereto. *McArthur*

*Brothers Co.* v. *Commonwealth,* 197 Mass. 137.    *Burroughs* v.
*Commonwealth,* 224 Mass. 28, 29.  The distinct and determinate
statute to which alone the petitioners can look for such a consent
is St. 1917, c. 344, Part I, § 16.  That section, so far as it has appli-
cation to the undisputed facts, reads as follows: "The Common-
wealth shall be liable for injuries sustained by persons while
travelling on State highways, if the same are caused by defects
within the limits of the constructed travelled roadway, in the
manner and subject to the limitations, conditions, and restrictions
specified in sections twenty-four, twenty-six and twenty-seven of
Part 4 of this act. . . .  The Commonwealth shall not be liable for
an injury which may be sustained upon the sidewalk of a State
highway or during the construction, reconstruction or repair of
such highway. . . ."

Had the Commonwealth consented to place itself on the same
statutory footing as municipal corporations are placed by law in
relation to the imposed duty to keep the streets and ways reason-
ably safe and convenient for travellers with their horses, teams
and carriages, at all seasons of the year, on the reported facts
it could reasonably be said that the evidence warranted a finding
of due care on the part of the petitioners and of negligence on
the part of the respondent.  *Fox* v. *Chelsea,* 171 Mass. 297.  *Bur-
ditt* v. *Winchester,* 205 Mass. 493.

We are unable to agree with the contention of the petitioners
to the effect that the only reasonable and fair construction to
give to the language of the statute excluding the Commonwealth
from liability for injuries to travellers upon State highways dur-
ing the construction, reconstruction or repair of those highways,
requires that the exemption be limited to that part of the way
which is immediately in process of change, and does not relieve the
Commonwealth from liability or extend to the approaching way or
to barriers thereon one hundred and fifty feet distant, even though
that way and the barrier are incidental and necessary to the
execution of the work and afford a warning and protection to
travellers who otherwise might come upon a disturbed and dan-
gerous way.

The sitting judge at the close of the evidence in both cases,
found for the respondent on the ground that the accident happened
"during the reconstruction or repair of the highway" within the

meaning of the statute. We think no other result was possible. It follows, in accordance with the terms of the report, judgment is to be entered for the respondent in each case.

*So ordered.*