ANDREAS H. ANDRESEN, administrator, *vs.* INHABITANTS OF LEXINGTON.

Middlesex.    December 8, 1921. — March 2, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Way,* Public: defect.   *Tree.*

A limb of an ornamental shade tree on private property adjoining a public way, which became severed and fell upon telegraph wires where it remained cradled for several hours about fifteen feet above the way, when it fell upon and injured

---

* The certificate offered was by the registrar of the city of Boston, where the child was born.

a traveller upon the way, is not a "defect . . . in or upon a way" within the provisions of G. L. c. 229, § 1.

TORT under St. 1917, c. 344, Part IV, § 23, by the administrator of the estate of Ethel Andresen for the loss of the life of the intestate by reason of her being struck by a limb of a tree falling upon a sidewalk in Lexington. Writ dated July 21, 1919.

In the Superior Court, the action was heard by *Shaw,* J., without a jury, upon an agreed statement of facts. Material facts are described in the opinion. At the close of the evidence, the defendant asked for the following among other rulings: 2. "Upon the agreed statement of facts and inferences of fact to be drawn therefrom, I find that the conditions with reference to the limb which caused the plaintiff's intestate's death did not constitute a defect in the highway."

The ruling was refused. The judge found for the plaintiff in the sum of $750; and the defendant alleged exceptions.

*R. L. Ryder,* for the defendant.

*J. G. Brackett,* for the plaintiff.

DE COURCY, J. While the plaintiff's intestate was proceeding along the sidewalk of a public way in East Lexington, between 8 and 8:30 A.M. on June 6, 1919, the limb of an ornamental shade tree growing on private property, the branches of which overarched the sidewalk, fell upon her. This limb became partially severed from the trunk of the tree about 4:30 A.M., when it was struck by a dead limb growing a foot higher up, which was blown off by the wind; and at some time between 5:30 and 7:30 A.M. the severance became complete. In the meantime it remained cradled in the telegraph wires, which hung about fifteen feet above the gutter between the sidewalk and the street, until it fell therefrom at the time of the accident. This action was brought under St. 1917, c. 344, Part IV, § 23 (see now G. L. c. 229, § 1), to recover damages for the death of the intestate. The liability of the defendant is purely statutory; and the fundamental question is whether the limb which caused the death was a "defect" in the way, within the meaning of the statute.

The duty of towns to keep the public ways "safe and convenient for travelers" (G. L. c. 84, § 1), does not render them liable for every danger and inconvenience to which a traveller upon the highway may be subjected. It is true that actionable defects

are not limited to obstructions and excavations in the roadbed. A wire sagging within a foot of the ground, in such a manner as permanently to obstruct travel (*Hayes* v. *Hyde Park*, 153 Mass. 514), or a limb growing over the travelled part of the way so near the surface of the street as to be an obstruction to persons properly travelling thereon (*Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515), may be found to be a defect in the legal sense, which the town is bound to remedy. It has been held that the statute extends to injuries caused by unsafe awnings, projecting over and across a sidewalk, and supported upon posts at the curbstone. *Drake* v. *Lowell*, 13 Met. 292. *Day* v. *Milford*, 5 Allen, 98. And on the authority of those cases the city was held liable in *West* v. *Lynn*, 110 Mass. 514, for injuries caused by the fall of a pole, which rested on the sidewalk and supported a transparency. However, it was said in *Hixon* v. *Lowell*, 13 Gray, 59, 64, that the limit of reasonable interpretation of the statute was reached in the case of *Drake* v. *Lowell*. In the Hixon case it was held that the city was not liable where the only alleged defect was the projection from the roof of a building of a mass of snow and ice which had overhung the travelled way for more than twenty-four hours before the accident, and rendered passing beneath it dangerous. In *Jones* v. *Boston*, 104 Mass. 75, it was decided that the city was not liable for injury received by a traveller through the falling upon him of a sign suspended over the sidewalk by the proprietor of an adjoining building; although the city had notice of the position and unsafe condition of the sign. In that case it was said by *Wells*, J. (page 77): "The awning differs from the overhanging sign, or ice, in that it is not a mere incident or attachment of the building alone, but is a structure erected with reference, in part at least, to the use of the sidewalk as such. The structure itself, being adapted to the sidewalk, in some measure, as a part of its construction and arrangement for use as a sidewalk, a danger from its insecure condition may reasonably be treated as arising from a defective or unsafe condition of· the sidewalk." To the same effect see Devens, J., in *Pratt* v. *Weymouth*, 147 Mass. 245, 251. That case decided that a derrick standing in a highway, and so insecurely supported that, by reason of its use by workmen in lifting stones for the repair of a culvert, it fell and injured a traveller, was not a defect under

the statute.  See also *O'Donnell* v. *North Attleborough,* 222 Mass. 591.  Without undertaking to define the precise limits of the duty of towns in keeping public ways safe and convenient for public travel, it seems plain that where the walls of a house, or other structure on private land adjoining a city street, are so insecure as to be liable to fall upon persons passing by, the way is not thereby rendered defective within the meaning of the statute.  Such objects, although in the nature of a nuisance, do not obstruct public travel.  They are likely to injure persons other than travellers, and while off the way as well as while on it.  They expose a person to danger, not as a traveller, but independent of the highway.  The owner may well be held responsible therefor.  *Shipley* v. *Fifty Associates,* 106 Mass. 194.  *Salisbury* v. *Herchenroder,* 106 Mass. 458.  Where, as in this case, the ground of liability is statutory, we are of opinion that it should not be extended to constitute the limb of the tree which injured the plaintiff's intestate a "defect . . . in or upon a way," on the facts disclosed.  In *Chase* v. *Lowell,* 151 Mass. 422, *Wright* v. *Chelsea,* 207 Mass. 460, *Donohue* v. *Newburyport,* 211 Mass. 561, and *Valvoline Oil Co.* v. *Winthrop,* 235 Mass. 515, the shade tree was within the limits of the highway, and was dangerous because it was decayed or an obstruction to public travel.  The second ruling requested by the defendant should have been given.  This conclusion renders it unnecessary to consider the other grounds of defence.

The exceptions are sustained; and under G. L. c. 231, § 122, judgment is to be entered for the defendant.

*So ordered.*