WELLINGTON W. JONES *vs.* TOWN OF GREAT BARRINGTON.

Berkshire. September 17, 1929. — November 26, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Tree. Municipal Corporations,* Defective public shade trees.

The owner of a house on a public way in a town which was damaged by the falling of a public shade tree during a severe but not unusual storm is not entitled to maintain a petition against the town for such damages under G. L. c. 87, § 3; c. 79, although during a period of years he had called to the attention of tree wardens, selectmen and road commissioners the fact that the tree was in a dangerous condition, if it appears that no public hearing in respect to the cutting, trimming or retention of the shade tree ever was called or held in accordance with the provisions of said § 3. Following *Cody* v. *North Adams,* 265 Mass. 65.

PETITION, filed in the Superior Court on March 12, 1928, and described in the opinion.

The petition was referred to an auditor and was heard by *Burns*, J., without a jury, upon the auditor's report. Material facts found by the auditor are stated in the opinion. There was a finding for the defendant. The petitioner alleged exceptions.

The case was submitted on briefs.

*F. H. Wright*, for the petitioner.

*F. J. Brothers*, Town Counsel, for the respondent.

PIERCE, J.   This is a petition brought under G. L. c. 79, in pursuance of the provisions of G. L. c. 87, § 3, to recover damages sustained by the petitioner by reason of a public shade tree falling upon his house. The answer of the respondent is in effect a general denial, a denial that the tree was a public shade tree, and a defence that the injuries were caused by the act of God. There was no claim for a jury trial. The case was referred to an auditor and his report is made a part of the bill of exceptions. The respondent filed, and the judge allowed, a motion that judgment for the respondent be entered on the auditor's report. The petitioner duly excepted to the allowance of the motion and the case is before this court on his exceptions so taken.

Briefly stated, the facts found by the auditor disclose that on October 12, 1927, the petitioner was the owner of real estate with a dwelling house thereon, situated on the northerly side of Main Street, a public way, in the village of Housatonic in the town of Great Barrington. For a long time there had existed on or near the boundaries of said premises and within, upon or near the boundaries of said highway, a public shade tree, approximately nine feet in circumference at its base, over fifty feet in height, and from fifty to sixty years old. In 1916, the petitioner was informed that the tree was in a dangerous condition; there was a hole or cavity in its trunk, about twenty feet above the ground, which could easily be seen. He brought the attention of the then tree warden, since deceased, to the condition of the tree, and the warden agreed to look after it, but he never did. In 1923, the petitioner spoke to a member of the board of selectmen in regard to the tree, and was told that the tree was in pretty good condition and that the petitioner had no right to

cut or remove it. In the spring of 1925, the petitioner spoke to the then tree warden about the condition of the tree who told him he would look into the matter, but he never did. In 1926, the petitioner stated to the road superintendent of the respondent town that the tree was dangerous and asked him to see about taking it down. The road superintendent promised to report it to the board of selectmen and see what they would do about it. Other than the tree wardens, none of the town officials above referred to ever had anything to do with the care of trees, except to investigate when trees were reported in bad condition and bring the matter to the attention of the tree warden. No public hearing in respect to the cutting, trimming or retention of the shade tree was ever called or held in accordance with the provisions of G. L. c. 87, § 3.

On the evening of October 12, 1927, during a severe but not unusual storm of wind and rain the tree, on account of its decayed condition, was blown over upon the dwelling of the petitioner causing damage to the house, the furniture, and other articles within the house. Prior to the blowing over of the shade tree no one in the employ of the respondent town ever pruned, trimmed, sprayed or did any other work on the tree, nor did the petitioner do anything about the tree except to speak to the above named officials about its condition.

It is the contention of the petitioner that the shade tree was dangerous to travellers on Main Street; that the non-action of the officers in charge of the highways whereby the tree was permitted to stand after their attention had been brought to its condition in 1916, and their failure to convoke a public hearing under G. L. c. 87, § 3, or to permit the petitioner to cut the tree down or to order the same to be cut down by the tree warden as endangering travel on said public street for a period of eleven years, constituted a retention of the tree within the meaning of G. L. c. 87, § 3, and distinguishes· this case from *Cody* v. *North Adams*, 265 Mass. 65, wherein it is decided that a petition for damages under G. L. c. 87, § 3, and G. L. c. 79, will not lie unless there has been a public hearing, held at a suitable time and place after

notice thereof, posted in two or more public places in the town and upon the tree at least seven days before such hearing.

G. L. c. 87, § 5, makes provision for the removal of trees within the limits of public ways which obstruct, endanger, hinder or incommode persons on public ways. So far as material to the question here presented this statute reads: "Tree wardens and their deputies . . . if ordered by the mayor, selectmen, road commissioners or highway surveyor, shall trim or cut down trees and bushes, if the same shall be deemed to obstruct, endanger, hinder or incommode persons traveling thereon." Tree wardens are without authority to cut down or remove trees that are more than one and one half inches in diameter one foot from the ground without a public hearing, even if the trees endanger persons lawfully travelling on the public way. If a tree is within the limits of a highway, and is dangerous or an obstruction to public travel, it is the duty of the mayor, selectmen, road commissioner or highway surveyor to order the warden to trim, cut down or remove that tree and of the warden to carry out the order. G. L. c. 87, § 5. The statute requires neither notice nor hearing to precede the action of the named public officer in this respect. Failure of the town officials named in G. L. c. 87, § 5, to cause the tree warden to remove a tree within the public highway or the limbs of such a tree, which tree or limbs obstruct, endanger, hinder or incommode travellers will render the town liable in an action of tort for damages which result from such failure. *Whiting* v. *Holyoke Board of Public Works*, 222 Mass. 22. *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515. *Andresen* v. *Lexington*, 240 Mass. 517.

No statute of this Commonwealth in terms makes any provision for a petition under the eminent domain act, G. L. c. 79, to recover damages to person or property sustained by reason of the failure of public officials to remove or make safe trees which endanger, hinder or incommode travel on a public way. The remedy, if any there be for such harm, is to be found at common law or in statutory provision requiring that public highways shall be kept reasonably

safe for travel at all seasons of the year. This case is governed by *Cody* v. *North Adams, supra,* and the exceptions of the petitioner are overruled.

*Exceptions overruled.*