LILLIAN MILES *vs.* COMMONWEALTH.

Worcester.   September 24, 1934. — October 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Way,* Public: defect, State highway.   *Tree.*

Where it appeared that a decayed and dangerous tree stood within the
lines of a State highway at a place which was graded and surfaced for
travel and was used for travel to some extent, but which was about
nine feet from the edge of a macadam surface of the highway, a con-
clusion was warranted that the tree constituted a defect "within the
limits of the constructed traveled roadway" of the highway within
the meaning of G. L. (Ter. Ed.) c. 81, § 18.

PETITION, filed in the Superior Court on November 10,
1930, and afterwards amended, to recover compensation
under G. L. c. 81, § 18, for personal injuries alleged to have
been sustained by the petitioner, while a traveller upon a
State highway, by reason of a defect "within the limits of
the constructed traveled highway."

The petition was heard by *Qua,* J., without a jury. Ma-
terial evidence and findings by the judge are stated in the
opinion.  He found for the petitioner in the sum of $1,050.
The Commonwealth alleged exceptions.

*J. E. Warner,* Attorney General, *& E. T. Simoneau,*
Assistant Attorney General, for the Commonwealth, sub-
mitted a brief.

*L. E. Stockwell,* for the petitioner.

LUMMUS, J.  The trial judge, in awarding damages to
the petitioner, justifiably found that within the limits of a
State highway in West Boylston, not "in the macadam
surface of the highway, but . . . near that surface," stood
a maple tree.  The evidence warranted a finding that the
tree was about nine feet westerly of the westerly side of the
macadam surface; that the branches overhung that sur-
face so that one could drive thereon under them; and that,

as the judge expressly found, the trunk of the tree was in a decayed and dangerous condition, and the Commonwealth had or by the exercise of proper care and diligence might have had reasonable notice of the defect, which might have been remedied by reasonable care and diligence on the part of the Commonwealth. The evidence showed that while travelling southerly on the highway, the petitioner was hurt when the tree broke off, by reason of the defect, and fell on the automobile in which she was riding. No question was made as to the due care of the petitioner, nor as to statutory notice of time, place and cause of injury. We cannot agree with the contention of the Commonwealth that there was no evidence of decay, and that the fall was caused exclusively by an unusually high wind.

The chief contention of the Commonwealth is that the evidence did not warrant the finding that the tree constituted a defect "within the limits of the constructed traveled roadway," such as is a requisite of liability under G. L. c. 81, § 18. See *Lemon* v. *Commonwealth*, 236 Mass. 599. We assume in favor of the respondent that those words are more restricted than the word "way" in G. L. (Ter. Ed.) c. 84, § 15, or the words "travelled path" or "way" used in *Weare* v. *Fitchburg*, 110 Mass. 334, 337, *Moran* v. *Palmer*, 162 Mass. 196, *Dupuis* v. *Billerica*, 260 Mass. 210, 215, and similar cases. But a "constructed" roadway may include a gravel path as well as one built of macadam, and both may be "travelled" although one is used more than the other. The evidence warranted the finding that the tree stood in a place "which had been graded and surfaced for travel and which to some extent was used for travel," and that finding warranted the conclusion that the tree constituted a defect "within the limits of the constructed traveled roadway."

We need not consider whether the same conclusion could have been reached on the ground that, no matter where within the limits of the highway the trunk stood, there was evidence warranting a finding that the branches overhung the admittedly constructed and travelled macadam roadway. See *Barber* v. *Roxbury*, 11 Allen, 318; *Wright* v.

*Chelsea,* 207 Mass. 460; *Andresen* v. *Lexington,* 240 Mass. 517; *Earle* v. *Concord,* 260 Mass. 539; *Jones* v. *Great Barrington,* 269 Mass. 202, 205; *S. C.* 273 Mass. 483, 486.

*Exceptions overruled.*