*Southern District*

**JOSEPH SOUZA**

**v.**

**CITY OF NEW BEDFORD**

*Present:* Nash, P. J., Callan & Sgarzi, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol. No. 7600.

*Sgarzi, J.* This is an action of tort in which the plaintiff seeks to recover for damage caused to his automobile when a limb from a tree in the control of the defendant city fell upon it while it was on a public way. Later, the plaintiff was permitted to amend his declaration to include an allegation that the damage was caused as a result of a nuisance which was maintained by the defendant city in permitting a defective tree to stand on a public way. The defendant's answer is a general denial, lack of knowledge of the

defective condition of the tree, unavoidable accident, and failure to give notice according to law.

*There was evidence at the trial that* the tree had been in a "rotten condition" for some two or three years, that branches had fallen from the tree over a long period of time and on several occasions had been removed in trucks belonging to the defendant and operated by its employees. The evidence further showed that the tree was two or three feet in diameter and that when it was finally removed by the defendant it revealed a decayed condition.

At the close of the evidence the plaintiff made six requests for rulings of law. the third and fourth of which, reading as follows, were denied by the court:

> 3. It can be found that the defendant city had such means of knowledge as would charge it with the duty of removing the tree, and that, having failed to do so, it was liable.
>
> 4. The city, because of its title to the land within the limits of the public street, owed the duty to the plaintiff not to maintain a nuisance in the street to his injury.

The court made the following findings of fact:

> "The plaintiff's automobile, while being operated by the plaintiff, was damaged by a falling limb from a tree overhanging a public way and belonging to the defendant City. I find that the tree was rotten and so was the limb which fell on the plaintiff's car and that this condition existed for

some two or three years. I find no evidence that any complaint was ever made to the defendant City of this condition. I find that the plaintiff gave no notice to the City under Chapter 84 Section 18 but relies on the fact that he contends a nuisance exists and that no notice is required. I find as a matter of law that notice is required in accordance with Chapter 84 Section 18 and that no notice was given. I find that because of lack of notice the plaintiff cannot recover. Judgment for the defendant."

G. L. c. 84, §18 is the familiar statute which requires that notice be given to a city or town where damages are claimed by a traveller upon a public way allegedly caused by a defect in the way in order to support an action. The right of action in such cases is a creature of statute and can be maintained only when the requirements with regard to notice have been met. *Hurlburt v. Great Barrington,* 300 Mass. 524; *Langley v. Worcester,* 304 Mass. 580; *Whalen v. Wor. El. Light Co.,* 307 Mass. 169.

A limb of a tree protruding over a roadway may be found to be a defect in a public way. *Valvoline Oil Co. v. Winthrop,* 235 Mass. 515. A shade tree standing within the limits of a highway may because of a decayed condition also be a defect. *Chase v. Lowell,* 151 Mass. 422; *Donahue v. Newburyport,* 211 Mass. 561.

It is contended, however, by the plaintiff that when an action is founded not upon the statute but at common law no notice

is required. *Jones v. Great Barrington,* 273 Mass. 483; *Seltzer v. Amesbury & Salisbury Gas Co.,* 188 Mass. 242; *Fisher v. Cushing,* 134 Mass. 374. He therefore contends that since he alleges a nuisance and since the judge found facts which would have warranted a finding that a nuisance existed, it was error for him to rule that notice was required. This would be true were it not for the fact that the plaintiff was a traveller upon the highway.

It was said in *Whalen v. Wor. El. Light Co.,* 307 Mass. 169, 174: "The right of action against a city to recover damages for personal injury to a traveller on account of a defect in a public way is created and limited by the statute. G. L. (Ter. Ed.) c. 84, §15. . . . The statute . . . does not give a right of action based upon the existence of a nuisance as distinguished from a defect — but . . . clearly manifests an intent that a traveller who is injured on account of the breach by a municipality of the statutory obligation to keep the ways 'reasonably safe and convenient for travellers' . . . shall have no other remedy against the municipality. The Legislature in creating a remedy has set forth the specific grounds upon which a municipality may be held liable for an injury sustained by a traveller upon a public way, and at the same time has safeguarded the city by providing for the giving of a written notice within a designated time, by requiring action to be brought within a certain period, by exempting the city from liability except where the defect was the sole cause of the injury, and by

limiting the amount of recovery. G. L. c. 84, §§15, 18, 19, 20, 21; c. 229 §1. An elaborate and comprehensive statutory system has been established fully and completely dealing with the subject matter. It was intended to be an exclusive remedy. The legislative intent cannot be thwarted by calling the defect a nuisance, [and] by declining to give the required notice. . . . ."

 Since the findings of the judge, amply supported by the evidence, show that the plaintiff was a traveller upon the highway, his remedy was under the statute and having failed to give the statutory notice he has no right to recover. *Wershba v. Lynn,* 324 Mass. 327.

We find no prejudicial error in the denial of plaintiff's requests for rulings of law and the report is *ordered dismissed.*

Joseph M. Lipsett of New Bedford for the Plaintiff, cited cases as to TREES: *O'Neil v. Chelsea,* 208 Mass. 307 (Limb existed for year and obstructed travel); *Donahue v. Newburyport,* 211 Mass. 561, 569 (Dead tree); *Chase v. Lowell,* 151 Mass. 422, 426; *Griffin v. Boston,* 182 Mass. 409 (Any state or condition which renders highway unsafe for ordinary travel is "defect.").

William B. Perry, Jr. of New Bedford for the Defendant.