Kathleen D. LORD, et al
vs.
City of ATTLEBORO

No. 9161

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

October 29, 1980

Christopher Mathers for the plaintiff.
John Gaicobbi, III for the defendant.

## MEMORANDUM AND ORDER

### Procedural Background and Status

Plaintiffs, Kathleen D. Lord et al, brought a complaint pursuant to G.L. c. 231B seeking contribution from defendant in the amount of six thousand five hundred dollars as a joint tortfeasor in a negligence case. Defendant then filed the present motion for summary judgment.

### Statement of Facts

On March 13, 1978, plaintiff Carl Spiezio was operating an automobile owned by plaintiff Kathleen D. Lord. The automobile was traveling northbound on North Main Street in Attleboro, Massachusetts, when it hit a pothole about eight feet long and eight inches deep. After hitting the pothole, the steering mechanism of the automobile apparently failed, and plaintiff was forced into the southbound lane on North Main Street. At that time, Marshall and Amy Guyot were traveling southbound on North Main Street, and plaintiffs' automobile ran into the Guyots' automobile. As a result of this accident, the Guyots suffered injuries.

Plaintiffs thereafter negotiated with the Guyots and reached a compromise whereby plaintiffs were to pay the sum of thirteen thousand dollars ($13,000.00) to the Guyots as a settlement for their tort claims. Under this settlement agreement, Marshall Guyot received ten thousand five hundred dollars ($10,500.00) and Amy Guyot, two thousand and five hundred dollars ($2,500.00).

The plaintiffs subsequently brought this action under the Massachusetts contribu-

tion among joint tortfeasors statute, General Laws, Chapter 231B, seeking contribution from the defendant, the City of Attleboro, in the amount of six thousand five hundred dollars ($6,500.00). Defendant then moved for summary judgment under Mass. R. Civ. P. 56.

## Issue

May the plaintiff bring this cause of action seeking contribution under G.L. c. 231B which is the contribution among joint tortfeasors statute, when defendant's liability is derived from G.L. c. 84 §15, which under caselaw requires that defendant's negligence be the sole cause to the injury?

## Discussion

General Laws chapter 231B establishes a right of contribution where two or more individuals are liable for the same injury:

"a) Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." G.L. c. 231B § 1(a).

The language of this statute requires that there be more than one cause to the injury or property damage. Because it is a requirement of the statute that there be more than one cause to the injury, plaintiffs in this case, by bringing their lawsuit under G.L. c. 231B, are acknowledging that there was in fact more than one cause to the injury.

Furthermore, no liability may be imposed upon a city or town for damages to the person or property resulting from defects upon its ways, unless such liability is imposed by statute. Longley v. Worcester, 304 Mass. 580, 584 (1939); Hurlburt v. Town of Great Barrington, 300 Mass. 524,526(1938); Oliver v. Worcester, 102 Mass. 489,496 (1866). Therefore, the basis for defendant's liability in this case is derived solely from General Laws Chapter 84, Section 15 which provides that a city may be liable to a person for bodily injuries or property damage resulting from a defect or want of repair of a road or railing, where the city had notice of the defect and where the injuries or property damage could have been prevented by the exercise of reasonable care and diligence on the part of the city. However, it is well settled in the law that to recover under G.L. c. 84 §15, it must appear that the city's negligence was the sole cause of the injury or property damage. **Scholl v. New England Power Service Co.** 340 Mass. 267 (1960); **Block v. Worcester,** 186 Mass. 526 (1904); **Pratt v. Weymouth,** 147 Mass. 245 (1888); **Kidder v. Dunstable,** 7 Gray 104; **Sheperd v. Chelsea,** 4 Allen 113.

Therefore, the defendant cannot as a matter of law be liable to the plaintiffs for contribution, since the law requires that the city's negligence be the sole cause of the injury to the Guyots for liability to exist under G.L. c. 84 §15. An action brought under G.L. c. 231B necessarily implies that there was more than one cause to the injury.

Since there is no genuine issue as to any material fact in this case, defendant is entitled to judgment as a matter of law. Mass. R. Civ. P. 56; **Community Bank v. Dawes,** 369 Mass. 550 (1976). Defendant's motion for summary judgment is hereby granted.

**Paul G. Garrity**