**Gerald F. FLEMING, Plaintiff**
vs.
**CITY OF WORCESTER, Defendant**

**No. 311**

District Court/Hampden, ss.
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**July 2, 1982**

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield in the county of Hampden upon a report from the Worcester Division of the District Court Department and it was found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the Springfield Division of the District Court Department make the following entry in said case on the docket of said Court, namely: Report Dismissed.

Date Opinion Certified:     Date: July 2, 1982

> F. J. Larkin, Justice
> William T. Walsh, Justice
> Bernard Lenhoff, Justice
> Robert E. Fein, Clerk

## OPINION

**Larkin, J.** This case presents the question of whether an action brought under G.L., c. 84, Sec. 15—the so-called Massachusetts "defect" or "fall-down" statute[1] — in which the individual bringing the action has been found to be in some degree negligent is to have the presence of that negligence—as an element of award

---

[1] At the oral argument of this matter, a question was raised as to the effect, if any, Chapter 512 of the Acts of 1978, Massachusetts General Laws, Chapter 258, Sec. 1 **et seq.,** — the relatively recent Massachusetts municipal "Tort Claims Act" — might have on the "defect" statute, G.L. c. 84, Sec. 15, at issue here. It is clear that the legislature in enacting Chapter 258, specifically reserved and excepted causes of action of the type involved in this case and traditionally redressed under G.L. c. 84, Sec. 15, from the ambit of the tort claims statute. Thus, it is expressly provided in Section 18 that:

"The provisions of this act shall be construed liberally for the accomplishment of the purposes thereof but **shall not be construed to supersede or** repeal section eighteen of chapter eighty-one and sections fifteen to twenty-five, inclusive, of chapter eighty-four of the General Laws. Any other provision of law inconsistent with any other provisions of this chapter shall not apply. (emphasis added). Acts of 1978, Chapter 512, Sec. 18."

Accordingly, it is clear that the instant case is governed by the provisions of G.L.c. 84, §15-25.

Fr~ cis Ermilio, Esq., counsel for plaintiff
William Scannel, Jr., Esq., counsel for defendant

diminution or preclusion—assayed against the contextual backdrop of the Massachusetts comparative negligence statute, G.L. c. 231, Sec. 85, or, instead, against the more draconian strictures of considerations of contributory negligence which obtained in Massachusetts prior to the advent of comparative negligence.

The plaintiff here, at the time suit was commenced, was a foreman with the Street Department of the City of Worcester. On February 7, 1977, while assisting his young son in delivering newspapers, the plaintiff fell on Malden Street, a public way in the City of Worcester. He sustained significant injuries. In due course plaintiff brought an action under G.L. c. 84, Sec. 15, asserting that his injury was caused by a "defect" in a public way.

At trial, in the district court, there was, **inter alia,** the following evidence which the trial judge properly credited: the plaintiff, in his position as foreman with the Worcester Street Department, had major responsibilities for filling holes in Worcester streets. In this capacity and with these responsibilities, he was familiar with Malden Street (the situs of the accident) and, more significantly, was aware that there were a number of unfilled holes in Malden Street at the time of the operative events. Finally, the trial judge found that at the time of the accident, the plaintiff was carrying a large bundle of newspapers in a manner which hindered him from fully observing the hole prior to the time that he stepped in it and injured himself.

With the record in this posture, the trial judge found that the defendant City was indeed negligent in the maintenance of the street and similarly found that "the plaintiff was himself 50% (fifty percent) negligent." He then found that the fair value of plaintiff's claim for injuries, without according deference to comparative negligence considerations, "is in excess of ten thousand ($10,000) dollars." With the application of the award diminishing principles of comparative negligence, the trial judge

proceeded to direct that a "Finding (is) to enter for plaintiff for the statutory maximum of five thousand ($5,000.00) dollars.[2]

The City appeals from this judgment. Its principal contention is that the trial judge was in error in engrafting principles of comparative negligence to a cause of action arising under G.L., c. 84, Sec. 15.

In support of this position the City stresses that the Massachusetts Comparative Negligence Statute, G.L., c. 231, Sec. 85, states that "contributory negligence shall not bar recovery in any action to recover damages for **negligence."** (emphasis supplied) The City argues that in enacting this statute the legislature obviously intended to abrogate contributory negligence as a defense to actions in negligence. But, according to the City, the legislature did not intend to "extend" the application of this statute beyond actions in negligence, either by the terms of the statute or by implication.

In sum, the City argues that a cause of action arising under G.L. c. 84, Sec. 15 is not one in negligence, but rather is a precisely delineated and narrowly circumscribed right of redress against a municipality for injuries sustained due to defects in public ways—a right of redress, **sui generis** in nature, with all of the delimitations inherent in and deriving

---

[2]The Massachusetts "defect" statute has a statutory ceiling on the amount that a plaintiff may recover. Thus, G.L., c. 84, Sec. 15 states: "(the plaintiff may) recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one percent of its state valuation last preceding the commencement of the action nor more than five thousand dollars; " (emphasis supplied) The impact of this statutory ceiling presents another issue raised by the City in the light of the trial judge's award of damages after applying comparative negligence principles This question will be addressed, **infra.**

from its genesis.[3]

We thus turn to the questions raised by the City. At the outset it is clear that G.L. c. 84, Sec. 15, makes neither explicit nor tacit reference to the question of whether defect cases shall be assessed against the backdrop of the award-diminishing delimitations of comparative negligence or the more unyielding preclusion principles of contributory negligence.

On the other hand, what is equally clear is that G.L. c. 231, Sec. 85, the comparative negligence statute, contains the explicit and articulate legislative affirmation that "contributory negligence shall not bar recovery **in any action by any person** or legal representative to recover damages for negligence resulting . . . in injury to person and property, . . ." G.L., c. 231, Sec. 85 (emphasis supplied).

Indeed it was this broad capacious and open-ended language which was persuasive to Judge Shubow in a recent district court case presenting issues analogous to the present case. In that case the court concluded that even though the plaintiff was "certainly aware of the defect in the sidewalk in front of her home, I conclude that plaintiff is not barred by her contributory negligence from recovering against the town for the injuries caused by **its greater** fault in not repairing the defect." **Martin v. Town of Randolph, Brookline Division, 1981** (See Lawyers Weekly, No. M 5, 1981) (June 6, 1981). In the course of his opinion, Judge Shubow conceded that the issue before the court there, and central to the instant appeal here, presents "an interesting question . . . as to whether the defense of contributory negligence and assumption of the risk which have been abolished in actions of negligence are available to cities and towns in action brought under the statute." However he concluded that "It is difficult to discern any room in the plain language of the amended statute ('contributory negligence shall not bar recovery in any action by any person . . . to recover damages . . .') for an exemption in favor of municipal corporations or governmental entities." **Ibid.**

As adverted to above, the City argues vigorously that a defect or fall-down case is strictly statutory and, indeed, **sui generis,** so that considerations of negligence are, if not antithetical, at least inapposite. But this position is not strictly accurate. Indeed, both prior to and subsequent to the enactment of G.L. c. 231, Sec. 85, case law in the Commonwealth, and in jurisdictions having analogous statutes, has traditionally utilized negligence law notions, considerations and presuppositions in arriving at "reasoned decisions" in "defect" or "fall down" decisions. See, **e.g., Carroll v. City of Lowell,** 321 Mass. 98, (1947); **Block v. City of Worcester,** 186 Mass. 526, (1904); **Whalen v. Worcester Electric Light Co.,** 307 Mass. 169 (1940); **Mello v. Peabody,** 305 Mass. 373, (1940); **Naze v. Hudson,** 250 Mass. 368 (1924); **McCarthy v. Stoneham,** 223 Mass. 173, (1916); **Thompson v. Bolton,** 197 Mass. 311, (1908); **Lord v. Attleboro,** 2 Mass. Supp. 42; (1981) Compare **Seavey, Nuisance: Contributing Negligence and Other Mysteries,** 65 Harv. L. Rev. 984 (1952) with **Prosser, Law of Torts,** 336-338, 393-395 (2d ed. 1955). See also, **4 Restatement**

---

[3]Thus the City argues what distinguishes an action against a municipality due to a defect in a public way from an action in negligence is that there may not be joint tortfeasors; consequential damages may not be awarded; the defect must be the sole cause of injury in order to impose liability; the issue of damages is regulated and capped by statute; there may be no recovery for injuries sustained due to natural accumulation of snow and ice; timely and accurate notice of claim must be submitted; and, among other provisions, no action may be maintained by the operator or owner of a vehicle, with load, exceeding six tons. **Lord v. Attleboro, (supra),** 42; **Nestor** v. **Fall River,** 67 N.E. 248, 183 Mass. 265; **Clinton** v. **Revere,** 80 N.E. 813, 195 Mass. 151; G.L., Ch. 84, Sec. 15; G.L., Ch. 84, Sec. 17. Furthermore, and most importantly, unlike a negligence action, there is no common law right of recovery against a municipality for injuries sustained due to a defect in a public way. The remedy that a plaintiff has in a defect case is governed by statute. (Memorandum of City at pg. 3).

of Torts sec. 822 (and cases cited therein); **Souza v. City of New Bedford,** 22 Mass. App. Dec. 106, (1961).

Although the generality of these cases and comments have focused predominantly on issues of "sole cause" vis a vis the putative legal ramifications to intervening tort feasors and the causative impact of supervening events, such traditional negligence considerations as "due care" "proximate cause," "foreseeability" and notions of like ilk, are very much present in the relevant rationales in determining results under the statute. Nor is such a result either surprising or subversive. Neither the "defect" nor the actions of the aggrieved plaintiff exist in vacuo.[4] Principled and reasoned decisions require that some legal significance be accorded their relative impact in assessing the legal radiations which derive from the evidential mosaic before the fact finder.

Apart from the latent, or, at the least, nascent conceptual scaffoldings and orientations which lurk the surface of the rationales of cases arising under the defect statute, the reference to the "sole cause" language which episodically recurs as a leitmotif in some of the cases must be understood in context. As suggested above, the generality of these cases, arising in the then exclusive context of contributory negligence and before the advent of the comparative negligence statute, essentially analyzed the question of "sole cause" vis a vis both intervening tort feasors and supervening events. In short we believe that a review of these cases clearly indicate that the dispositive rationale of the courts in applying the "sole cause" test has predominant reference to third parties and external events which may or may not have played a part in assessing whether a "wrong" had been committed.

With the advent of comparative negligence, and the explicit statutory edict that the legislature intended that it apply "in any action by any person," myopic preoccupation with talismanic invocation of "sole cause" shibboleths is neither warranted nor desirable. Such a draconian result would be both logically inconsistent and fail to comport with the clear intention of the comparative negligence law to eliminate the blanket preclusion proscriptions inherent in contributory negligence.[5]

For all of the foregoing reasons, we believe that the trial judge was correct in applying principles of comparative negligence here.

The City's second argument may be disposed of briefly. As seen above, under G.L. c. 84, Sec. 15 there is a statutory limit on the amount that a plaintiff may recover. (See footnote 2, **supra**). In the instant case the trial court entered a judgment for the plaintiff and found that the damages suffered by the plaintiff were in excess of ten thousand dollars. Applying principles of comparative negligence, he then reduced the amount of the damages to a figure which comported with the statutory ceiling.

---

[4]Negligence, like risk, is thus a term of relation. Negligence, in the abstract, apart from things related, is surely not a tort, if indeed it is understandable at all. (Bouen, L.J., in **Thomas** v. **Quarter Maine,** 18 Q.B.D. 685, 694 (as quoted in **Palsgraf** v. **Long Island,** R.R., 248 N.Y. 339, 162 N.E. 99 (1928). So too a "defect" in a road does not exist in isolation but must be considered in a relation context. A defect is not actionable unless it results in the occurrence of a wrong, and, obviously, the occurrence of a wrong connotes the violation of a right.

[5]In this case, it may well be observed that a "but-for" analysis of proximate cause could be employed so as to find that the defective condition of Malden Street was the "sole cause" of plaintiff's injuries and the fact that plaintiff was carrying newspapers simply an attendant condition. Of course all of this is essentially tautological. The fact that some behavior was or was not a "but for" cause of an injury says nothing about the ability of those who engaged in that behavior to lessen the impact of the injury. "In general, the requirement of a but-for relationship between an action and an injury provides no guidance in selecting from among a universe of causally linked acts those which should be collectively deterred." **Calabresi, Concerning Cause and the Law of Torts,** 43 U. Ch. L. Rev. 69, 79 (1975).

725

Again we believe that the actions of the trial court were proper. It is apparent that the choice of language by the trial judge suggests that he did not intend to **precisely** calculate the value of the plaintiff's potential claim once he was satisfied (upon abundant evidence) that the plaintiff's medical expenses and lost wages alone exceeded any possible recovery of the full amount, taking account of the presence of the statutory recovery limit.

The language in G.L. C. 84, Sec. 15 clearly indicates that the **recovery** by any claimant under this Statute shall be limited to $5,000.00. We emphasize recovery because nowhere does the statutory language indicate that a plaintiff's **claim** for damages shall be so limited, nor that the calculation of the damages shall be so limited.

It seems clear that the spirit of the statute is preserved, whatever the plaintiff's claim for damages is, and whatever those damages are ultimately calculated to be by the fact finder, so long as the statutory **recovery** is limited to $5,000.00.

We believe that it is clear that the meanings of the word ''damages'' and ''recovery'' are distinctly different as used here. We believe that the finding made by the trial judge that ''the value of the plaintiff's claim for injuries exceeded $10,000.00'' referred to the ''damages'' sustained by the plaintiff, and the finding in the plaintiff's favor of $5,000.00 referred to the limit of ''recovery'' of those damages permitted by the statute. Accordingly, again, on this point, we find no error.

For the foregoing reasons, the report shall be dismissed.

**F. J. Larkin, Justice**
**William T. Walsh, Justice**
**Bernard Lenhoff, Justice**

This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein, Clerk**