Lenk, J.
The Commonwealth of Massachusetts (“Commonwealth”) has filed two motions for summary judgment in connection with negligence claims made by Edward and Kathy Crasco (“Edward” and “Kathy” or, collectively, “the Crascos”) and the claim made by Safety Insurance (“Safety”) in subrogation of the claims of its insured, Leon Rutkowski (“Rutkowski”).
The first motion seeks summary judgment as to the claims of Edward and Safety. The Commonwealth argues that the cause of the accident was a “road defect” and that the road defect statute, G.L.c. 81, §18, provides the exclusive remedy. The Commonwealth contends that because Edward has sued in negligence, his claims should be dismissed. The Commonwealth additionally argues that Edward did not comply with the notice provisions of the road defect statute, and that the statute provides immunity for the Commonwealth because the bridge was under repair. Further, the Commonwealth claims that it has paid its full liability on the claim on which Safely is suing in subrogation because Safety’s remaining claim is also in negligence, not under the road defect statute.
The Commonwealth’s second motion seeks summary judgment as to all claims of Kathy. The Commonwealth maintains that there is no recovery for loss of consortium under the road defect statute, which provides the exclusive remedy in this case, and that Kathy did not give the required notice under either the “road defect” statutes" or the Massachusetts Tort Claims Act. Because the issues of law underlying the two motions are similar, they will be addressed in a single opinion.
BACKGROUND
The following facts are undisputed, except where noted: At all times relevant to this action, Edward was employed as an MBTA bus driver, Kathy was married to Edward, and Safety insured Rutkowski and his automobile. On July 10, 1991, Edward was driving an empty MBTA bus across the Beldon Bly Bridge, a drawbridge that is part of Route 107 in Saugus. While he was driving across the bridge, the movable span suddenly opened. Edward remembers hearing a loud noise and being thrown upward. His head hit the windshield and he sustained severe personal injuries. At around the same time, Rutkowski’s car struck the raised span of the Beldon Bly Bridge and sustained serious damage.
The Commonwealth concedes that it owns and controls the Beldon Bly Bridge. The Beldon Bly Bridge was equipped with a safety pin or locking mechanism which, when engaged, prevents the span from lifting. *686 Ralph F. Menard (“Menard”), a former bridge operator, has stated that when the pin was engaged, the bridge was prevented from lifting.[1] Because the Beldon Bly Bridge is operated electrically, the safety pin could have been engaged by hitting a switch after the span was lowered. The bridge operators did not like to use the locking mechanism during the daytime, because it took too long to engage. The pin was not engaged at the time of the accident.
Pursuant to G.L.c. 258 §4, Edward presented his claim for damages to the Commonwealth in letters to the Attorney General and the Department of Public Works, dated June 18, June 23 and July 9, 1992. (Edward and Kathy Crasco’s Ex. A.) The Commonwealth denied Edward’s claim in a letter dated November 16, 1992. The Crascos filed their Complaint on May 12, 1993. Safety’s case was originally filed in Suffolk Superior Court, and has been consolidated with this case by agreement of the parties.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Commonwealth argues that the injuries to Edward and to Rutkowski’s vehicle were caused by a road defect as described in G.L.c. 81 §18. Road defect has been defined as anything in the state or condition of the road that renders it unsafe. This definition has been interpreted broadly. See Gallant v. Worcester, 383 Mass. 707, 711 (1981), Huff v. City of Holyoke, 386 Mass. 582 (1982) (chain strung across highway was road defect), Valvoline Oil Co. v. Winthrop, 235 Mass. 515, 520, 521 (1920) (tree limbs on highway were road defect). Compare Sanker v. Town of Orleans, 27 Mass.App.Ct. 410 (1989) (overhanging tree limbs were not road defect).
The Appeals Court recently affirmed a Superior Court decision in which the Court held that a construction barrel which rolled onto the highway was a road defect, stating,
True, [it was] a rolling barrel which caused Ms. Karish to go off the road itself. But that barrel was something ‘in a state or condition of the way that render[ed] it unsafe or inconvenient for ordinary travel.’
Karish v. Paonessa Co., Civil No. 3927 (Middlesex Super. Ct. December 8, 1990), cffd, 34 Mass.App.Ct. 1108 (1993). The Superior Court judge who heard the case also found that the contractor was negligent in failing to use plastic rather than metal barrels. However, the Commonwealth was not liable for its contractor’s negligence, due to the existence of the road defect.
In this case, there is evidence to support a finding that the bridge operator was negligent in failing to engage the safely pin. However, if a barrel rolling onto the roadway can constitute a road defect, the movement of the bridge span which caused an interruption of the actual road surface certainly is something “in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. 707, 711 (1981). The injuries to Edward and to Rutkowski’s automobile were caused by a road defect.
Because the accidents were caused by a road defect, the road defect statute provides the exclusive remedy for the plaintiffs’ injuries. The road defect statute does not provide damages for the loss of services, companionship and consortium of a spouse. Therefore, neither Edward nor Safely can recover in negligence and their claims are dismissed. Additionally, because Kathy cannot recover for loss of consortium her claims are dismissed.
ORDER
For the foregoing reasons, the motion for summary judgment of the defendant Commonwealth is ALLOWED.

John Fougere, the bridge operator who was on duty at the time of the accident, is dead.