Lopez, J.
Plaintiff Lawrence Sasso (“Sasso”) suffered injury when the trunk of a tree fell onto his motor vehicle as he was driving along Route 119 West, a state highway, in Groton, Massachusetts. The tree was located on the Town of Groton’s property, several feet behind a guardrail on the westbound side of the highway.
*616 Sasso alleges the Town of Groton (Count I), the Groton Electric Light Department (“Groton Electric”) (Count II), the Massachusetts Highway Department (“MHD”) (Count III), and Continental Paving, Inc. (“Continental Paving”) (Count IV) negligently failed to prune or remove said tree, despite the fact that they knew or should have known it presented a foreseeable risk of harm.
Continental Paving filed cross-claims against Groton Electric and MHD for contribution (Counts I and III respectively) and indemnification (Counts II and IV respectively). Town of Groton also asserted cross claims against MHD, seeking indemnity (Count I) and contribution (Count II). MHD filed cross claims against Continental Paving, alleging common law tort indemnity (Count I), contractual indemnification (Count II), and contribution (Count III). At that time, MHD also filed a Motion to Dismiss and/or for Summary Judgment, which was denied by this Court (Ball, J).
Continental Paving impleaded third-party defendant John Brown & Sons, Co. (“John Brown & Sons”), alleging its tree trimming and removal work in the area of the incident was responsible for Sasso’s injuries and damages. Sasso then amended its Complaint to include a claim against John Brown & Sons, alleging it also negligently failed to prune or remove said tree, despite the fact that it knew or should have known it presented a foreseeable risk of harm. On February 20, 2001, however, all parties signed a Stipulation of Dismissal, agreeing that all claims and/or actions against John Brown & Sons be dismissed, with prejudice and without costs.
The Commonwealth of Massachusetts (“Commonwealth”) has filed a Motion for Summary Judgment on behalf of MHD, which is opposed by both Sasso[2] and Continental Paving. Groton Electric also moves for summary judgment, which Sasso opposes. For the reasons that follow, both the Commonwealth’s and Groton Electric's motions are ALLOWED.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact on any relevant issue raised by the pleadings and the moving party is entitled to summary judgment as a matter of law. McNeil v. Metropolitan Property & Liability, Inc., Co., 420 Mass. 587, 589 (1995); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there are no genuine issues of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In “considering a motion for summary judgment, the judge should not consider the credibility of the witnesses or the weight of the evidence, nor should the judge make findings of fact.” Riley v. Presnell, 409 Mass. 239, 244 (1991), citing Attorney General v. Bailey, 386 Mass. 367, 370 (1982). When deciding a motion for summary judgment, the facts must be viewed “in the light most favorable to . . . [the nonmoving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991), citing Graham v. Quincy Food Serv. Employees Ass’n & Hosp., Library & Pub. Employees Union, 407 Mass. 601, 603 (1990).
Defendant Massachusetts Highway Department
General laws c. 81, §18, creates and limits the recovery rights of persons injured while traveling on state highways as a result of roadway defects. See Colella v. Commonwealth, 417 Mass. 433, 434-35 (1994). The statutory remedy is exclusive, Ram v. Town of Charlton, 409 Mass. 481, 485 (1991) (holding that G.L.c. 81, §18, provides the sole remedy against the Commonwealth for injuries caused by state highway defects, and the Mass Tort Claims Act has not superseded this remedy); Himelfarb v. Brookline, 19 Mass.App.Ct. 980, 980 (1985); as the Legislature sought to “exclud[e] from the State Tort Claims Act those claims that arise from defects in a public way.” Colella, 417 Mass. at 434.
For purposes of G.L.c. 81, §18, a “defect” is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394, 397 (1983) (citations omitted). The term encompasses both physical impairments to the road that may result in immediate danger to a traveler, as well as conceptual problems with the road’s design that may require extra caution by those using the way. See Ram, 409 Mass. at 489 (negligent road design and failure to correct resulting dangerous conditions constitute road defects); Gallant v. City of Worcester, 383 Mass. 707, 711 (1981) (allegations of negligent design, construction, and maintenance of a public way fall within the road defect statute); Trioli, 15 Mass.App.Ct. at 397 (a jury could determine that failure to erect a stop sign at an intersection constitutes a claim under the road defect statute); Loveless v. Dedominicis, Civ. No. 90-6703 (Middlesex Superior, Sept. 21, 1992) (inoperative traffic control signal is a defect, as it makes the roadway unsafe or inconvenient for ordinary travel); Keidel v. Massachusetts Bay Transp. Auth., Civ. No. 88-2238 (Suffolk Superior, June 30, 1991) (faulty traffic light simultaneously signaling green and red is a defect).
A “defect” is also not restricted to conditions appearing on the surface of the way; rather, obstructions overhanging the way and structures and objects falling into the way may be deemed “defects.” See Huff v. City of Holyoke, 386 Mass. 582, 585-86 (1982) (wire stretched across the roadway by a city employee found to be a defect); Wershba v. City of Lynn, 324 Mass. 327, *617 512-13 (1949) (“shade tree within the limits of a highway may because of its decayed or unsound condition be a defect”); Bowman v. City of Newburyport, 310 Mass. 478, 481-82 (1941) (jury was warranted in finding that burning leaf embers that blew onto a child walking on the public way after leaves were raked into piles, set afire, then swept into the gutter by a street department employee constituted a road defect); Miles v. Commonwealth, 288 Mass. 243, 244 (1934) (decaying tree located nine feet past the highway was a road defect, as the land on which the tree stood “had been graded and surfaced for travel and which to some extent was used for travel”); Valvoline Oil Co. v. Inhabitants of Town of Winthrop, 235 Mass. 515, 520-21 (1920) (tree growing within the limits of a public way with its tree limbs overhanging the pubic way is a road defect); Souza v. City of New Bedford, 22 Mass. App. Dec. 106, 111 (1961) (tree belonging to the defendant city and overhanging the public way may be found to be a defect in a public way); Crasco v. Commonwealth, 3 Mass. L. Rptr. 685, 1995 WL 808877 (Mass.Super., Apr. 10, 1995) (failing to engage a pin in a drawbridge to prevent it from opening unexpectedly is a road defect); Karish v. Peonessa, Civ. No. 84-3927 (Middle-sex Superior, Dec. 8, 1990) (barrels, placed on a highway median strip by a contractor for the Commonwealth at the direction of Commonwealth employees, that rolled onto the way and caused plaintiffs vehicle traveling along the way to go off the road, constituted a road defect).
The Courts have declined to expand the reach of the road defect statutes, however, to include every object or situation that may result in injury on the public way. For instance, in Andresen v. Town of Lexington, 240 Mass. 517, 518 (1922), the plaintiff was injured when a limb from a tree growing on private property fell on her. The limb had fallen off the tree and become cradled in telegraph wires until it fell at the time of the incident. Id. The court recognized that “[t]he duty of towns to keep the public ways ‘safe and convenient for travelers’ does not render them liable for every danger and inconvenience to which a traveler upon a highway may be subjected.” Id. Although “actionable defects are not limited to obstructions and excavations in the roadbed,” “where the walls of a house or other structure on private land adjoining the street are so insecure as to be liable to fall upon persons passing by, the way is not thereby rendered defective within the meaning of the statute.” Id. at 520 (emphasis added). The Court explained that;
[s]uch defects, although in the nature of a nuisance, do not obstruct public travel. They are likely to injure persons other than travelers, and while off the way as well as while on it. They expose a person to danger, not as a traveler, but independent of the highway. The owner may well be held responsible therefore.
Id. See also Mungo v. Worcester, 58 Mass.App.Dec. 41, 43-44 (1976) (noting that defects “must be something within the limits of the highway,” and holding that a shade tree bordering the sidewalk, a limb from which fell and struck a car windshield, maybe found by a jury to be a defect); DiBenedetto v. Commonwealth, 4 Mass. L. Rptr. 338, 1995 WL 1308158, *2 (Mass.Super., June 16, 1995) (the presence of a slow-moving Massachusetts Department of Public Works vehicle operated by a Commonwealth employee on a public way is not a road defect). Further, in Hixon v. City of Lowell, 1859 WL 7257, *1 (Mass. Supreme Judicial Court, June session 1859), the plaintiff sued the city for injuries sustained when snow and ice fell onto her as she walked along the sidewalk. The snow and ice fell from the roof of a building not owned by the city. Id. In determining that the falling snow and ice was not a defect in' the way, the Court stated: “It is obvious that there may be nuisances upon traveled ways, for which there is no remedy against the town” responsible for maintaining the roadway free of defect. Id. at 3 (discussing various hazards in a roadway that could not be deemed defects). Similarly, in Jones v. City of Boston, 1870 WL 6807, *1 (Mass. Supreme Judicial Court, March session, 1870), the plaintiff was injured when a sign suspended over the sidewalk and attached to a building fell onto her. In holding that the sign, which was attached to a privately owned building and erected by the property owner, was not a defect, the Court reasoned that it was not “a structure erected with reference, in part at least, to the use of the sidewalk as such.” Id. at 2.
The fundamental question before this Court is whether the falling tree at issue, rooted off the public way, constitutes a “defect” in the way within the meaning of the statute. Based on a review of all the applicable case law, it is the opinion of this Court that the tree at issue was not a road defect. Because there is no appellate court case holding that a defect does not exist as a matter of law on facts such as those currently before the Court, however, whether the tree at issue constitutes a defect in the public way is a question of fact for the fact finder. See Trioli v. Town of Sudbury, 15 Mass.App.Ct. 194, 397 (1983). See also Bonner v. Town of Bellingham, 5 Mass. L. Rptr. 199, 1996 WL 1186830, *2 (Mass.Super., Toomey, J.), and cases cited. Here, if a jury were to find that the tree constituted a road defect, there could be no recovery under the statute as plaintiff has failed to give the notice required as a condition precedent to maintaining such an action.[3] If a jury were to find that the tree did not constitute a road defect, plaintiff is still not entitled to recover against MHD, as MHD can not be held negligent for failing to remove the tree if the jury clearly has concluded it did not breach its statutory duty to keep the ways reasonably safe for travelers. For these reasons, MHD’s motion seeking summary judgment will be allowed.
*618 Defendant Groton Electric
Sasso alleges that Groton Electric’s past trimming and removal of trees along Route 119 West for purposes of protecting its electrical wires and assisting MHD is some indication that it may have been responsible for removing the tree at issue. Sasso argues that summary judgment must not be allowed with respect to Groton Electric, as it is the only entity that has admitted to removing trees along the highway.
Sasso has failed to put forth any evidence, however, that Groton Electric was responsible for removing the tree at issue. Although Groton Electric has admitted that it agreed to cut down trees marked with an “E,” the tree in question was not so marked. In fact, the evidence shows that it was marked with a pink or red line, and the record is devoid of evidence that Groton Electric was asked, or volunteered, to remove trees marked with a pink or red line. Further, although there is some evidence that Groton Electric removed unmarked trees in the past to assist MHD, those trees were over 300 feet away from the tree that fell onto Sasso’s vehicle, and removal of such trees is not evidence of an obligation to remove the tree at issue. Because Sasso has failed to allege any specific facts establishing the existence of a genuine issue of material fact as to whether Groton Electric was responsible for removing the tree at issue, Groton Electric’s summary judgment motion will be allowed with respect to plaintiff Sasso.
Groton Electric also seeks summary judgment on Continental Paving’s cross claims against it. Because this Court has found that Groton Electric is not liable to Sasso, summary judgment will enter in Groton Electric’s favor on Continental Paving’s cross claims seeking indemnification and contribution.
ORDER
In light of the foregoing, it is hereby ordered that both the Commonwealth’s and Groton Electric’s motions for summary judgment are ALLOWED. Further, Sasso’s motion seeking fees and costs is DENIED.

 Sasso seeks costs and fees incurred in preparing its opposition to the Commonwealth’s Motion for Summary Judgment. Because this Court is allowing the motions which Sasso opposes, Sasso's motion seeking fees and costs will be denied.

 Sasso admits that notice was insufficient and did not satisfy the statutoiy requirements of G.L.c. 81, §18.